## Giannone *v.* Reale, Appellant.

Argued December 1, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*Abraham Wernick,* with him *I. Nathaniel Treblow,* for appellant.

*John Garaguso,* for appellee.

OPINION BY MR. JUSTICE DREW, January 9, 1939:

Plaintiff brought this action in trespass to recover damages for personal injuries, and a verdict was rendered in her favor for $8,000. Judgment was subsequently entered on the verdict, and, after the overruling of his motions for judgment n. o. v. and for a new trial, defendant filed a petition asking for a reargument, which was granted with the result that the plaintiff was ordered to remit all of the verdict in excess of $5,000 or

suffer a new trial. Although plaintiff did so, defendant appealed. The refusal of defendant's motions for binding instructions and for judgment n. o. v., certain rulings of the trial judge, a portion of his charge to the jury, and excessiveness of the verdict, are assigned as error.

On March 21, 1935, at about 6:45 a. m., plaintiff, a widow sixty-two years of age, was walking along the west side of Twelfth Street in Philadelphia towards defendant's bakery shop. Defendant's truck was parked, facing the street, with the rear half on the sidewalk in front of an entrance to a garage, which was next door to the bakery. The sidewalk is twelve feet wide and there was an open space of about five feet between the rear of the truck and the building line. Plaintiff was passing through this opening, which appeared to have been left for pedestrians, and had almost cleared the truck, when the driver suddenly jumped upon the truck and started to back it. It struck plaintiff on her right side, knocked her down and severely injured her. Two apparently disinterested witnesses testified they saw the accident and that it happened in this way. In passing on the motion for judgment n. o. v., we must consider the evidence in the light most favorable to plaintiff: *Carter v. Pittsburgh Rys. Co.*, 327 Pa. 586. Viewed thus the facts clearly show the case was for the jury. Hence it was proper to refuse plaintiff's motions for binding instructions and judgment n. o. v.

Defendant complains of a response by the trial judge to a request of counsel made at the conclusion of the formal part of the charge. It is urged that error was committed by the statement: "Gentlemen of the jury, let me again caution you to pay no attention whatsoever to what either counsel said about the weight of the evidence. The weight of the evidence is for you and you alone to determine, and the recollection of the testimony is not for the attorneys, not even for the court, but for you exclusively." There is no doubt that the first sen-

tence standing alone is highly objectionable and preju-
dicial, as it would deprive a client of the benefit of the
arguments of counsel on a material part of the case.
Nevertheless the sentence which follows and other parts
of the charge indicate clearly that the trial judge in-
tended only to convey the thought that in the last analy-
sis the jury were not to consider themselves bound by
what either counsel or the court said of the weight of the
evidence, but that they alone were the final arbiters of
the weight which should be accorded the testimony. Had
counsel for defendant taken a specific exception to this
part of the charge, the learned court below would have
immediately corrected any possibility of erroneous im-
pression in the jurors' minds. However, after careful
examination of the whole charge, we are satisfied the
mistake in the one sentence did not create such an im-
pression, either in the minds of the jurors or that of
counsel for appellant.

Even though isolated portions of the charge may be
the subject of criticism, the charge must be considered
as a whole, and if, when so considered, the issues are
fairly put before the jury, the judgment will not be re-
versed: *Casey v. Siciliano,* 310 Pa. 238. Furthermore,
the criticized instruction was not specifically excepted
to; but the attempt is now made to object to it under
the general exception which appellant made to the
court's charge. It was an error which could easily have
been corrected at the trial, and would have been if coun-
sel had called attention to it or taken a specific excep-
tion. A proper administration of justice requires that
new trials be not granted on errors which counsel had
ample opportunity to correct. It is only when errors are
basic and fundamental and cannot be corrected at the
trial that this court will consider them under a general
exception: *Medvidovich v. Schultz,* 309 Pa. 450; *Whit-
ton v. H. A. Gable Co.,* 331 Pa. 429. This is a salutary
rule for the dispatch of public business.

We find no ground for sustaining defendant's contention that the charge was erroneous in failing to stress that plaintiff's case must be free from contributory negligence. The court was correct in charging that the burden of establishing plaintiff's contributory negligence rests upon defendant: *Straus v. Rahn,* 319 Pa. 93; *Bowman v. Stouman,* 292 Pa. 293; Restatement of Torts, sec. 477. The court did not limit the jury to the evidence presented by defendant in determining whether contributory negligence existed. The charge adequately indicated to the jury that the burden, although upon the defendant, could be sustained if plaintiff by her own proof reveals that her negligence contributed to the injury.

Defendant argues that the verdict, even as reduced, is excessive. Plaintiff was sixty-two years of age at the time of the accident, and she suffered grievous and painful injuries. Her left hip was fractured and as a result she is permanently disabled. There is a 1¾ inch shortening of the left leg, a tilting of the pelvis, a curvature of the spine, a stiffening of the knee and a resultant 50-70% limitation of motion. Plaintiff also suffered from insomnia and dizzy spells and has experienced a considerable impairment of eyesight and a general shattering of the nervous system. She was compelled to remain in the hospital for a period of sixty-nine days. During that time she lay in a plaster cast. Then followed nine months confinement in bed at her home. As a result of the accident, plaintiff is no longer able to perform her customary work about the house. Her bills for medical attention thus far total $742.

The right to review the verdict will be exercised only in cases where the verdict is so excessive as to shock our sense of justice, and where the impropriety of allowing the verdict to stand is so manifest as to show a clear abuse of discretion on the part of the court below in refusing to set it aside: *Scott v. American Express Co.,* 257 Pa. 25; *Martin v. Letter,* 282 Pa. 286. In the latter case, this court refused to interfere with a verdict of

$15,000 awarded to a woman of fifty-five, who had suffered a similar hip injury and shortening of the leg. In view of the evidence produced at the trial, we are satisfied that the amount of the verdict, as reduced, is not excessive.

We have carefully examined the other assignments of error and find them to be of no merit.

Judgment affirmed, costs to be paid by appellant.