## Susser, Appellant, *v.* Wiley et al.

428

Argued September 28, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*John E. Evans, Jr.,* of *Evans, Evans & Spinelli,* with him *Nathan Holstein,* for appellant.

*J. Roy Dickie,* of *Dickie, Robinson & McCamey,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, October 31, 1944:

There are two versions of the accident which is the subject of this litigation. That of *plaintiff's* witnesses is to the effect that plaintiff, Max Susser, at about five o'clock in the afternoon of June 9, 1943, parked his automobile facing west on the southerly side of Penn Avenue in Pittsburgh a few feet in the rear of another automobile. Penn Avenue is a street on which only west-bound traffic is permitted; it is 35 feet wide from curb to curb with a single trolley track somewhat to the north of the centre of the roadway. Plaintiff obtained a folding stepladder from a neighboring store, carried it between the two parked cars, and placed it diagonally through the window of the right front door of his car and projecting outward therefrom a distance of about a foot. While thereafter engaged, for a period of from two and a half to three minutes, in maneuvering the ladder into posi-

tion within the automobile, a truck, driven by an employe of defendant Charles B. Wiley, came from the east and passed so close—within a foot or a foot and a half—that plaintiff, standing beside his car, was struck on the left side of his head by a rear-view mirror which extended out 5 or 6 inches from the body of the truck. The blow caused such great injury to plaintiff's brain that it deprived him, probably permanently, of his sanity, and he is now confined in a mental institution. The weather conditions were good at the time of the accident, and there were no other vehicles in the locality to prevent the truck from traveling in a more northerly path.

According to the evidence produced by *defendant's* witnesses, the course of the truck was some 2 to 3 feet to the north of plaintiff's parked car, and as it approached, travelling at the rate of about 20 miles an hour, the operator saw the projecting ladder, but no person was in sight along the right or street side of the car. Just as the truck reached the back of his automobile plaintiff emerged from between the two parked cars, rounded the right front fender of his own car, and walked back toward the oncoming truck but without looking in its direction. There was no time to stop the truck, nor any opportunity to divert it to the north because at that moment a west-bound automobile was passing, or about to pass, the truck to the right and close to it, with another automobile immediately following and a street car approaching also behind these two automobiles. According to one of the witnesses plaintiff stepped out backwards, or sidewise, from along the right front fender of his car when the truck was only 20 feet away.

It is obvious that the case was a typical one for determination by a jury. The verdict was for defendant.*

---

* In addition to Wiley the suit was brought also against Hertz Drivurself Stations, Inc., but the court properly gave binding instructions for that defendant because the operator of the truck was not in the employ of the Hertz Company.

Following the trial, an intensive and highly analytical study of the charge by plaintiff's counsel resulted in complaints of errors and inadequacies which were thereupon made the basis of a motion for new trial. That motion being refused, plaintiff appeals.

At the conclusion of his charge the learned trial judge, after granting of his own accord a general exception to both parties, asked counsel if there was "anything that should be called to the jury's attention before they retire". Outside of a suggestion, which was adopted by the court, in regard to one of the items of damage, plaintiff's counsel made no request for additional instructions. As far, therefore, as any alleged inadequacy is concerned, plaintiff is foreclosed by the rule that unless the omission be of something basic or fundamental a trial judge is not responsible for a failure to elaborate general principles or to give specific instructions, especially where counsel have been invited to suggest additions or modifications; a party may not remain silent and take his chances on a verdict, and then, if it be adverse, complain of an inadequacy which could have been corrected: *Meholiff v. River Transit Company*, 342 Pa. 394, 398, 20 A. 2d 762, 764; *Felo v. Kroger Grocery & Baking Company*, 347 Pa. 142, 147, 31 A. 2d 552, 555. Here the complaint is that the court failed to instruct the jury that plaintiff, being non compos mentis, was entitled to the presumption that he had exercised due care for his safety. It seems that both counsel had discussed with the court the question whether the presumption of due care that applies where the victim of the accident is dead operates also in favor of a plaintiff who has been rendered insane, but neither counsel requested the court to charge upon that subject. However, the court told the jury repeatedly that the burden of proving contributory negligence was upon defendant, and this served the same purpose, for there is little if any difference between the rule which holds that a person killed in an accident is presumed to have used due care and the more general

rule that the burden of proving contributory negligence is upon the defendant. Even the so-called "presumption of due care" is merely a factual one which is overcome when contributory negligence is established by the evidence: *Tull v. Baltimore & Ohio R. R.*, 292 Pa. 458, 461, 141 A. 263, 264; *Lamp v. Pennsylvania R. R.*, 305 Pa. 520, 526, 158 A. 269, 271; *Heath v. Klosterman*, 343 Pa. 501, 503, 504, 23 A. 2d 209, 210. In *Watkins v. Prudential Insurance Co.*, 315 Pa. 497, 505, 173 A. 644, 648, the present Chief Justice said: "If the driver is killed at such a crossing, . . . the presumption of the victim's due care is merely the converse of the statement that the burden of proof rests on the asserter of the victim's negligence." The failure, therefore, of the trial judge to state the rule in the form ordinarily employed where the victim of the accident is deceased was not, from a practical standpoint, in any wise detrimental to plaintiff.

Another alleged inadequacy in the charge is that the court omitted to instruct the jury that if the operator of the truck was guilty of wanton misconduct contributory negligence on the part of plaintiff would not prevent his recovery, *(Kasanovich v. George,* 348 Pa. 199, 34 A. 2d 523). But there is no evidence in the record which would support an inference of wanton misconduct within the legal significance of that term and therefore the principle invoked is not applicable to the facts of this case.

Picking out isolated portions from the charge instead of considering it, as should be done, as a whole, *(Giannone v. Reale,* 333 Pa. 21, 24, 3 A. 2d 331, 333) plaintiff finds fault with some of the instructions given by the court. Here again plaintiff faces the difficulty that no specific exceptions, save one hereinafter noted, were taken to the charge, notwithstanding the court's express invitation to counsel to make suggestions. Where errors are not basic or fundamental they must be made the subject of specific objections and cannot be

complained of under a general exception to the charge: *Medvidovich v. Schultz,* 309 Pa. 450, 453, 164 A. 338, 339; *Tropical Paint and Oil Co. v. Sharon Building Co.,* 313 Pa. 51, 169 A. 105; *Giannone v. Reale,* 333 Pa. 21, 24, 3 A. 2d 331, 333; *Maio v. Fahs,* 339 Pa. 180, 187, 14 A. 2d 105, 108, 109. In any event, plaintiff's present criticisms of the charge are not justified. For example, the jury were told that if the accident happened in the way it was described by plaintiff's witnesses it would be for them to decide whether or not the driver of the truck was negligent and whether or not plaintiff was contributorily negligent under those circumstances; it is now argued that they should have been told that if the testimony given by the witnesses for plaintiff was believed the operator of the truck *was* negligent and plaintiff was *not* guilty of contributory negligence. Such an instruction would have been clearly erroneous. Plaintiff's principal witness testified that during the entire two and a half or three minutes in which plaintiff was adjusting the position of the ladder plaintiff was looking into his car and not at all for approaching traffic. While it is true that a person engaged in activity on the highway is not held to the same degree of watchfulness as a pedestrian, nevertheless he is not relieved from the duty of paying some reasonable amount of attention to traffic, and in such cases it is for the jury to determine whether he exercised the degree of care to be expected of an ordinarily prudent man under all the circumstances and commensurate with the danger of the place he was occupying: *Craven v. Pittsburgh Railways Co.,* 243 Pa. 619, 622, 90 A. 361, 362; *Van Zandt v. Philadelphia, Baltimore & Washington R. R. Co.,* 248 Pa. 276, 281, 93 A. 1010, 1011; 25 Am. Jur. 525, §229. The same observation applies to the question of defendant's negligence, which had to be decided by the jury as a question of fact under all the circumstances of the occurrence as narrated by these witnesses.

Attack is made upon a statement in the charge that plaintiff was not necessarily guilty of contributory negligence merely because he was on the street outside the line of his car adjusting or arranging the ladder in his car. This, however, was in plaintiff's favor and is in exact accord with a similar statement of the law made in *Roberts v. Freihofer Baking Co.,* 283 Pa. 573, 576, 129 A. 574, 575. It amounts merely to an instruction that it was lawful and proper for plaintiff to be in the roadway while engaged in work about his car. It was correctly qualified by the statement that, in the course of his activity there, he was under the duty of making proper observations of oncoming traffic and, in general, taking reasonable precautions for his own safety, and that a failure on his part to make such observations and take such precautions would be contributory negligence if it was a factor which contributed to the happening of the accident.

In answer to a request by defendant's counsel for a further instruction in regard to contributory negligence, the court said that if plaintiff, by his own actions, by what he did or what he did not do, contributed in any way to the injuries he received, that would be contributory negligence and would bar his right to a verdict. Plaintiff took an exception to this instruction on the ground that actions on the part of plaintiff contributing to the accident would not militate against him unless they were negligent actions. The court said that this subject had been covered in the charge, and so it had been, many times over, for the meaning of contributory negligence had been explained with meticulous care and it is impossible that the jury could have been misled by the omission of the word "negligent" before the word "actions" in this one passage.

As a whole the charge was comprehensive, impartial and sufficiently accurate. The failure of plaintiff to recover cannot be justly attributed to any errors

434

of commission or omission on the part of the trial judge, but only to the jury's conclusion either that the operator of the truck was not to blame for what occurred or that plaintiff was also at fault.

Judgment affirmed.