Reeves *v.* Winslow (et al., Appellant).

Argued November 13, 1958. Before JONES, C. J.; BELL, MUSMANNO, JONES, COHEN and BOK, JJ.

*Max E. Cohen*, with him *Joseph D. Shein*, and *Henry Temin*, for appellant.

*Arthur B. Walsh, Jr.*, with him *Frank R. Ambler*, for appellee.

OPINION PER CURIAM, January 5, 1959:

As long ago as *Minnich v. Easton Transit Co.*, 267 Pa. 200, 204-205, 110 Atl. 273 (1920), we set forth the standard of care required of a guest passenger and the questions which arise as to the passenger's contributory negligence: "When dangers, which are either reasonably manifest or known to an invited guest, confront the driver of a vehicle, and the guest has an adequate and proper opportunity to control or influence the situation for safety, if he sits by without warning or protest and permits himself to be driven carelessly to his injury, this is negligence which will bar recovery. Although a guest is not required to exercise the same degree of care and watchfulness as the driver, and the carelessness of the latter is not imputed to the former, yet a passenger must bear the consequences of his own negligence, when he joins in testing a danger; but the extent to which one, in the position of a guest, should appreciate an impending peril, and act in relation thereto, depends upon the facts peculiar to each case; unless these are manifest and the inferences to be drawn therefrom clear beyond peradventure, the issues involved must be submitted to the jury for determination. Moreover, the authorities recognize the fact that, in measuring the adequacy of the opportunity for control, there are occasions when any pronounced effort in that direction might do more harm than good."

The foregoing statement of the law is entirely dispositive of this appeal. Here, the lower court in refusing to sustain defendant's motion for a judgment n.o.v. determined that the question of contributory negligence of the plaintiff guest passenger was properly submitted to the jury upon the following set of facts:

Plaintiff was a front-seat passenger in the vehicle proceeding toward the intersection of Bethlehem Pike and Stenton Avenue on the outskirts of Philadelphia.

The posted speed limit was twenty-five miles per hour, but the vehicle attained a speed of forty to forty-five miles per hour some one hundred yards before the intersection as a result of the downgrade on Bethlehem Pike. The plaintiff became aware some eighty to ninety feet before the intersection of the intention of a driver of an oncoming vehicle to make a left-hand turn in front of his host's automobile. He did not forewarn the host-driver or make any remonstrance whatsover, but sat in silence. Defendant attempts to compel the conclusion that plaintiff's inaction was so manifest and palpable in the face of the impending danger that he should be declared contributorily negligent as a matter of law.

The facts in this case are not consonant with defendant's argument. We need not cite the numerous authorities which hold that silence in some circumstances is more beneficial than an outcry. The jury endorsed plaintiff's silence when the question of his contributory negligence was properly submitted to them.

Judgment affirmed.