386 A.2d 112

**Arthur C. CONDO, Administrator of the Estate of Kathryn J. Condo, Deceased, and Charles C. Condo, Appellants,**

v.

**Sheldon CARIS.**

Superior Court of Pennsylvania.

Argued Sept. 13, 1976.

Decided April 28, 1978.

---

Lee H. Roberts, Lock Haven, for appellants.

Allan W. Lugg, with him Lugg and Snowiss, Lock Haven, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

18

SPAETH, Judge:

In this suit in trespass the jury returned a verdict for the defendant, appellee here. Because the lower court erred in refusing a requested charge on the presumption of due care, we reverse.

Appellants' decedent was struck and killed by appellee's automobile. Appellants alleged and offered evidence of appellee's negligence; in defense, appellee alleged and offered evidence of the decedent's contributory negligence. In such a case the law in this Commonwealth is that

> [w]hen the plaintiff has made out a case of the defendant's negligence and the defendant has come forward with his case, on the question of plaintiff's contributory negligence, the jury, in evaluating all of the evidence, have the right to consider and bear in mind that there is, in every man, an instinct of self-preservation which is *ordinarily* reflected in the exercise of due care and in the avoidance of danger. *Moore v. Esso Standard Oil Co.,* 364 Pa. 343, 345, 72 A.2d 117, 120 (1950), *aff'g on opinion of lower court.*

The lower court ruled that it had correctly refused to give a charge to this effect because "a presumption has to leave the case, in the face of contrary evidence," and here contrary evidence was presented. Lower Court Opinion, R. 181a. This misstates the law. The presumption of due care leaves the case when contributory negligence is found by the court to be established as a matter of law, not simply when there is some evidence of contributory negligence. *Susser v. Wiley,* 350 Pa. 427, 430–31, 39 A.2d 616, 618 (1944); *Heath v. Klosterman,* 343 Pa. 501, 504, 23 A.2d 209, 210 (1941).

We find merit in certain criticism of the presumption of due care as a jury instruction. In *Dilliplaine v. Lehigh Valley Trust Co.,* 223 Pa.Super. 245, 297 A.2d 826 (1972), *aff'd on other grounds,* 457 Pa. 255, 322 A.2d 114 (1974), Judge HOFFMAN stated in a Concurring Opinion:

> This presumption is merely the converse of charging the jury that the plaintiff has the burden of proving negligence and the defendant has the burden of proving con-

tributory negligence. Thus, such an instruction adds nothing to a jury's ability to intelligently and impartially decide a case. Instead, such a charge may befuddle the issue should the jury misunderstand the weight to be given the presumption. The presumption of due care is a presumption of fact which in reality is not a presumption at all. 223 Pa.Super. at 247–48, 297 A.2d at 827.

See also Susser v. Wiley, supra. However, in view of our Supreme Court's approval of the use of the presumption, and especially in view of the language quoted above from Moore ("the jury . . . have the right to consider and bear in mind" the ordinary instinct of self-preservation), appellants were entitled to the requested instruction.

Reversed and remanded for new trial.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

CERCONE, J., concurs in the result.

HOFFMAN, J., files a concurring opinion.

PRICE, J., dissents.

HOFFMAN, Judge, concurring:

I concur in the Majority's result, but would like to reiterate my adherence to the views expressed in my Concurring Opinion in *Dilliplaine v. Lehigh Valley Trust Co.*, 223 Pa.Super. 245, 297 A.2d 826 (1972).