435 A.2d 226

**George YANDRICH, Administrator of the Estate of George N. Yandrich, Deceased, Appellant**

**v.**

**Martin J. RADIC.**

Superior Court of Pennsylvania.

Argued March 25, 1981.

Filed Sept. 25, 1981.

Petition for Allowance of Appeal Granted Dec. 7, 1981.

Richard C. Angino, Harrisburg, for appellant.

Bernadette Barattini, Harrisburg, for appellee.

Before PRICE, WIEAND and LIPEZ, JJ.

WIEAND, Judge:

On June 26, 1977, while riding his bicycle on Chambers Hill Road in Harrisburg, George N. Yandrich was struck from the rear by an automobile owned and operated by Martin J. Radic, the appellee. As a result of the collision,

Yandrich sustained injuries which eventually led to his death. The administrator of his estate, the appellant herein, instituted a trespass action alleging appellee's negligence as the cause of Yandrich's death. The case was tried before a jury which found appellee's negligence to be 21% and that of appellant's decedent to be 79%. Appellant's motions for judgment n. o. v. and, alternatively, for a new trial were denied, and judgment was entered in favor of appellee. This appeal followed.

Appellant contends that there was a total absence of evidence from which contributory negligence on the part of the decedent could have been found. He thus contends that the issue of contributory negligence should be decided in the decedent's favor as a matter of law. It is well established, however, that a party's negligence must be submitted to the jury unless there is no evidence from which an affirmative finding could be made without resort to speculation. *Greet v. Arned Corp.*, 412 Pa. 292, 194 A.2d 343 (1963); *Miller v. Montgomery*, 397 Pa. 94, 152 A.2d 757 (1959). "[W]here there is *any* evidence which alone would justify an inference of the disputed fact, it must go to the jury, no matter how strong or persuasive may be the countervailing proof." (Emphasis in original.) *Smith v. Port Authority Transit*, 257 Pa.Super. 66, 71, 390 A.2d 249, 251 (1978), quoting from *Heffernan v. Rosser*, 419 Pa. 550, 554–5, 215 A.2d 655, 657 (1966). See also: *Polinelli v. Union Supply Co.*, 403 Pa. 547, 552, 170 A.2d 351, 354 (1961).

In the instant case, appellee testified to facts from which the decedent's contributing negligence could properly be inferred. Appellee testified that he had observed the decedent proceeding along the berm of the highway on his bicycle in a straight and steady fashion. He stated that he continued to watch the roadway as he overtook the bicycle and that, at a point about ten or fifteen feet from the point of the ultimate collision, the bicycle suddenly appeared on the road in front of his automobile. The suddenness of its appearance, he said, prevented his reacting quickly enough to avoid the accident. Appellee testified that because he

had not kept his vision fixed exclusively on the bicycle, he had not seen the decedent move from the berm to the roadway and could not describe the specific physical movements of the decedent which caused the bicycle to move onto the road.

The absence of a description of the decedent's actual movement on his bicycle and the possible causes which brought the bicycle onto the road in front of appellee's car did not require that the jury resort to speculation in finding decedent contributorily negligent. The evidence that the decedent's bicycle, which had been observed travelling steadily ahead on the berm of a highway, suddenly appeared directly in front of an automobile approaching on that highway was circumstantial evidence sufficient, if believed by the jury, to permit an inference of negligence by the decedent.

Appellant also contends that the jury's apportionment of negligence between the actors was contrary to the weight of the evidence. Unlike appellate review of the trial court's denial of a motion for judgment n. o. v., in which the evidence must be viewed in the light most favorable to the verdict winner, review of the court's denial of a motion for new trial requires that we consider all the evidence. *Abbott v. Steel City Piping Co.*, 437 Pa. 412, 415, 263 A.2d 881, 883 (1970); *Ditz v. Marshall*, 259 Pa.Super. 31, 35, 393 A.2d 701, 703 (1978). The grant of a new trial is proper only when the jury's verdict is so contrary to the weight of the evidence as to shock one's sense of justice and make a new trial imperative in order that right may be given another opportunity to prevail. *Burrell v. Philadelphia Electric Co., et al.*, 438 Pa. 286, 289, 265 A.2d 516, 518 (1970); *Peair v. Home Association of Enola Legion No. 751*, 287 Pa.Super. 380, 430 A.2d 665 (1981); *Ditz v. Marshall,* supra. The trial judge, who is present at the offering of the testimony, has broad discretion with regard to ordering a new trial, and his decision will not be reversed on appeal unless it appears that he has acted capriciously or has palpably abused his discretion. *Burrell v. Philadelphia Electric Co., et al.*, supra, 438 Pa. at 288–9, 265

A.2d at 517; *Austin v. Ridge*, 435 Pa. 1, 4, 255 A.2d 123, 124 (1969); *Ditz v. Marshall,* supra. A new trial should not ordinarily be granted where the evidence is conflicting and the jury could have found for either party. *Carroll v. Pittsburgh*, 368 Pa. 436, 445–6, 84 A.2d 505, 509 (1951).

In the instant case, we are unable to find that the trial court abused its discretion. Appellee's testimony, if believed, disclosed that he was driving within the established speed limit and had observed decedent's bicycle moving along the berm of the highway in a manner and place of relative safety. It was only when the bicycle suddenly moved onto the highway that a perilous situation was created. The extent to which appellant's decedent was negligent in creating this danger and the degree of negligence which prevented appellant from seeing the decedent and avoiding a collision were issues uniquely for the jury.

Finally, appellant argues that the trial court erroneously instructed the jury regarding the presumption that the decedent had been exercising due care for his own safety at the time of the accident. Specifically, the trial court charged the jury as follows:

"The law presumes that at the time of the accident causing George Yandrich's death he was using due care for his own safety. As has been indicated, this is probably founded on the desire for self-preservation for the individual to avoid pain; but, this presumption is not evidence and does not take the place of evidence. If you find by a preponderance of the evidence, as I have described it to you, that the decedent was not exercising such care you will so state in your verdict as I am going to later discuss it with you."

"When a person is killed in an accident, there is a presumption arising from the general knowledge of the strength of the instinct of self-preservation and the natural desire to avoid pain and injury to one's self that the deceased at the time of the accident was exercising due care." *Rowles v. Evanuik*, 350 Pa. 64, 69, 38 A.2d 255, 257 (1944), quoting from *Morin v. Kreidt*, 310 Pa. 90, 97, 164 A. 799,

800–01 (1933). See also: *Moore v. Esso Standard Oil Co. of Pennsylvania*, 364 Pa. 343, 345, 72 A.2d 117, 120 (1950), *aff'g. on opinion of lower court; Condo v. Caris*, 255 Pa.Super. 16, 18, 386 A.2d 112, 114 (1978).[1]

Appellant agrees that this presumption of due care has no evidentiary value to prove another party's negligence. He argues, however, that the presumption does have probative force in determining the absence of negligence on the part of the deceased. This argument is not persuasive.

█ The sole function of the presumption is to place the burden of proving a decedent's negligence on the party asserting that proposition. *Watkins v. Prudential Insurance Co.*, 315 Pa. 497, 500–01, 173 A. 644, 647 (1934). See also: 9 Wigmore, Evidence § 2491 (Chadbourn rev. 1981); McCormick, Evidence §§ 342–45 (2nd ed. 1972); *Susser v. Wiley*, 350 Pa. 427, 430–31, 39 A.2d 616, 618 (1944); *Condo v. Caris*, supra, 255 Pa.Super. at 18–19, 386 A.2d at 113–114; *Dilliplaine v. Lehigh Valley Trust Co.*, 223 Pa.Super. 245, 247, 297 A.2d 826, 827 (1972) (concurring opinion by Hoffman, J.), *aff'd. on other grounds*, 457 Pa. 255, 322 A.2d 114 (1974). The presumption has no evidentiary value on behalf of any party. See: *Allison v. Snelling & Snelling, Inc.*, 425 Pa. 519, 525, 229 A.2d 861, 864 (1967); *Richmond v. A. F. of L. Medical Service Plan of Philadelphia*, 421 Pa. 269, 271, 218 A.2d 303, 304 (1966); *Watkins v. Prudential Insurance Co.*, supra, 315 Pa. at 503, 173 A. at 647. It is merely a rule of law which states that, unless evidence is presented to persuade the jury of the contrary, the presumption will stand. *Watkins v. Prudential Insurance Co.*, supra;[2] McCormick,

---

**1.** In *Keasey v. Pittsburgh & Lake Erie Railroad Co.*, 404 Pa. 63, 69, 170 A.2d 328, 331 (1961), the Court descriptively said: "Every rule that one can conceive which is designed to protect and preserve human life is presumed to have been respected by the decedent because although it is inevitable that everyone must eventually turn in his bat and glove, no one actually wants to hasten the end of the ball game."

**2.** Noting the general confusion regarding the legal concept of presumptions and the resulting frequent misuse of the term, the Supreme Court, in *Watkins v. Prudential Insurance Co.*, 315 Pa. 497,

Evidence, *supra*. See also: *Keasey v. Pittsburgh & Lake Erie Railroad Co.*, 404 Pa. 63, 68–70, 170 A.2d 328, 331–32 (1961); *Waugh v. Commonwealth*, 394 Pa. 166, 173–74, 146 A.2d 297, 302 (1958).

▇▇▇▇ The presumption of due care, contrary to the erroneous dicta appearing in some appellate decisions, is a presumption of law, not a presumption of fact. Its effect is merely to invoke a rule of law compelling the jury to conclude that a decedent exercised due care in the absence

500–01, 173 A. 644, 646–67 (1934), set out a clear and concise description of the concept and function of presumptions as follows: "Considerable confusion appears in judicial opinions as to the nature of presumptions and their function in the administration of justice. They are not evidence and should not be substituted for evidence. Presumptions are generally grouped into two major classes: (1) Of law; and (2) of fact. The former usually have the force of legal maxims and become rules of law, with definite procedural consequences. As Mr. Justice Agnew said in *Tanner v. Hughes and Kincaid*, 53 Pa. 289: 'A legal presumption is the conclusion of the law itself of the existence of one fact from others in proof, and is binding on the jury, prima facie till disproved, or conclusively, just as the law adopts the one or the other as the effect of proof.' Justice Agnew also refers to the other kind of presumption as merely 'a natural probability,' i. e., 'an inference of fact of the probability.' Wigmore on Evidence (2d Ed.) vol. 5, § 2491, says: 'The distinction between presumptions "of law" and presumptions "of fact" is in truth the difference between things that are in reality presumptions and things that are not presumptions at all. A presumption is in its characteristic feature a rule of law laid down by the judge, and attaching to one evidentiary fact certain procedural consequences as to the duty of production of other evidence by the opponent. It is based, in policy, upon the probative strength, as a matter of reasoning and inference, of the evidentiary fact; but the presumption is not the fact itself, nor the inference itself, but the legal consequence attached to it.  *  *  *  A "presumption of fact," in the loose sense, is merely an improper term for the rational potency, or probative value, of the evidentiary fact, regarded as not having this necessary legal consequence. "They are, in truth, but mere arguments," and "depend upon their own natural force and efficacy in generating belief or conviction in the mind." (Greenleaf, Evidence, sec. 44). They have no significance so far as affects the duty of one or the other party to produce evidence, because there is no rule of law attached to them, and the jury may give to them whatever force or weight it thinks best. . . . [I]t must be kept in mind that the peculiar effect of a presumption "of law" (that is, the real presumption) is merely to invoke a rule of law compelling the jury to reach the conclusion in the absence of evidence to the contrary from the opponent.' "

of evidence to the contrary. Such a presumption is merely the converse of charging the jury that the party asserting the negligence of the decedent has the burden of proving it. The requirement that a jury be instructed concerning this presumption of due care may well have outlived its usefulness. In today's trials, particularly since the statutory enactment of principles of comparative negligence, an instruction that there is a separate presumption of due care which arises from the fact of death can only serve to confuse the jury and becloud the issues. It is enough that a jury be instructed properly and adequately regarding the burdens of proving negligence and contributory negligence. See: *Dilliplaine v. Lehigh Valley Trust Co.*, supra, (concurring opinion by Hoffman, J.).

In any event, the presumption that a decedent has exercised due care for his or her own safety is not a presumption of fact. The fact of death does not permit a logical, evidentiary inference that the person who is now dead was without fault. The presumption, in brief, "is not evidence," and the trial court was correct when it so instructed the jury.

Our review of the record is persuasive that the case was well tried; and we perceive no valid reason for setting aside or otherwise disturbing the verdict of the jury.

The judgment is affirmed.

PRICE, J., did not participate in the consideration or decision of this case.