453 A.2d 304

**George YANDRICH, Administrator of the Estate of George N. Yandrich, Deceased, Appellant,**

v.

**Martin J. RADIC.**

Supreme Court of Pennsylvania.

Argued May 18, 1982.

Decided June 30, 1982.

Reargument Denied Aug. 3, 1982.

Richard C. Angino, Harrisburg, for appellant.

Richard H. Wix, Bernadette Barattini, Harrisburg, for appellee.

272

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## ORDER

PER CURIAM.

Appeal dismissed as having been improvidently granted.

LARSEN, J., files a dissenting opinion.

McDERMOTT, J., files a dissenting opinion.

LARSEN, Justice, dissenting.

On June 26, 1977, an automobile driven by appellee Martin J. Radic struck nineteen-year-old George N. Yandrich while he was riding his bicycle. George died several days later as a result of the injuries he sustained; appellee was the only surviving witness to the accident. The case was tried to a jury which found decedent 79% negligent and appellee 21% negligent. Post-trial motions for judgment n.o.v. and a new trial were denied. On appeal, the Superior Court affirmed. *Yandrich v. Radic,* 291 Pa.Super. 75, 435 A.2d 226 (1981). This Court granted allocatur.

Because I believe that this case presents an important question of law and that the Superior Court erred in affirming the order of the court of common pleas, I dissent from the majority's determination that allocatur was improvidently granted.

Appellant contends that the Superior Court erred in affirming the trial court's order with respect to its jury charge on the presumption of due care.[1] The trial court instructed the jury as follows:

The law presumes that at the time of the accident causing George Yandrich's death he was using due care for his

1. "When a person is killed in an accident, there is a presumption arising from the general knowledge of the strength of the instinct of self-preservation and the natural desire to avoid pain and injury to one's self that the deceased at the time of the accident was exercising due care." *Morin v. Kreidt,* 310 Pa. 90, 97, 164 A. 799, 800–01 (1933).

own safety. As has been indicated, this is probably founded on the desire for self-preservation for the individual to avoid pain; *but, this presumption is not evidence and does not take the place of evidence.* If you find by a preponderance of the evidence, as I have described it to you, that the decedent was not exercising such care you will so state in your verdict as I am going to later discuss it with you. (Emphasis added.)

Appellant argues that the trial court's charge was erroneous as a matter of law, and that it misled and confused the jury because in one sentence the judge instructed the jury that the presumption of due care was not *evidence,* while in the next sentence he instructed that the jury had to state whether it found decedent negligent by a preponderance of the *evidence,* thus leaving the members of the jury with the erroneous impression that they could not consider the presumption of due care in arriving at their verdict on the issue of contributory negligence. This position has considerable merit.

"A presumption may have significance in a civil jury trial at two stages: (1) when one party or the other moves for a directed verdict and (2) when the time comes for the judges to instruct the jury." McCormick, Law of Evidence § 345 (2d ed. 1972). This case concerns only the second stage: proper instruction of the jury with respect to the presumption of due care.[2]

---

**2.** For this reason, cases dealing with the existence of a prima facie case of negligence or the establishment of contributory negligence as a matter of law, both of which deal with a party's ability to survive his opponent's motion for a directed verdict or judgment notwithstanding the verdict, are inapposite here. *See, e.g., Allison v. Snelling & Snelling, Inc.,* 425 Pa. 519, 229 A.2d 861 (1967); *Keasey v. Pittsburgh & Lake Erie Railroad Co.,* 404 Pa. 63, 170 A.2d 328 (1961). Part of the confusion that exists in this area stems from the fact that courts in the past have failed to distinguish between these two stages of trial. *See, e.g., Watkins v. Prudential Insurance Co.,* 315 Pa. 497, 173 A. 644, 95 A.L.R. 869 (1934). The confusion has been compounded by the fact that courts have also cited as authority cases dealing with burdens of proof and the production of evidence in cases where the issue is how to instruct the jury.

"The problem of the effect of a presumption when met by proof rebutting the presumed fact has literally plagued the courts and legal scholars. ... [T]he manner in which the jury is to be informed has been a matter of considerable dispute and confusion." *Id.* As one commentator has noted:

[T]he courts, the lawyers, and legal scholars have been arguing about the purpose and function of presumptions for years.

Because of the fascination of the problem, perhaps, the legal profession seems to have overlooked the damaging effects of its failure to resolve the issue. Litigants should not be put to the expense of providing a forum for either further consideration of these well-known and thoroughly debated views or for the case to case classification of particular presumptions. The improvement of the administration of justice calls for an end to the debate. *Lower court judges and lawyers should be able to determine with relative ease what the law permits and requires with respect to instructions on presumptions, and thus be able to avoid costly and unnecessary reversible error.*

Stevens, Pattern Jury Instructions: Some Suggestions on Use and the Problem of Presumptions, 41 Wash.L.Rev. 282, 287 (1966) (emphasis added).

Nevertheless, it *is* clear that unless contributory negligence has been established as a matter of law, the jury must be permitted to determine who will prevail on that issue. *See Condo v. Caris,* 255 Pa.Super. 16, 18, 386 A.2d 112, 113 (1978); *McNett v. Briggs,* 217 Pa.Super. 322, 272 A.2d 202 (1970), citing *Scholl v. Philadelphia Suburban Transportation Co.,* 356 Pa. 217, 224, 51 A.2d 732, 736 (1947); *Williams v. Flemington Transportation Co.,* 417 Pa. 26, 34, 207 A.2d 762, 766 (1965) ("Taking the question [of contributory negligence] from the jury would have deprived decedent of the benefit

In addition, while I recognize that in some states the law is such that "there is no need to instruct the jury with regard to the presumption," McCormick, *supra* at § 345, Pennsylvania is not such a state. *See* Pennsylvania's Suggested Standard Jury Instructions (Civil) § 5.61, and cases cited *infra.*

of the full presumption [of due care] that he is entitled to, for had he lived ... he would be entitled to place that matter before the jury for its determinations of the factual matter. This he would be denied by reason of his death. The trial judge properly submitted it to the jury.").

It is equally clear that the jury is permitted to consider the fact that the law presumes that a decedent was using due care at the time of the accident which caused his death, and to give this presumed fact some weight in its deliberations. *See Condo v. Caris, supra* (trial court erred in not instructing the jury on the presumption of due care); *Moore v. Esso Standard Oil Co.,* 364 Pa. 343, 345, 72 A.2d 117, 120 (1950) (dicta; emphasis in original) ("When the plaintiff has made out a case of the defendant's negligence and the defendant has come forward with his case, on the question of plaintiff's contributory negligence, the jury, in evaluating all of the evidence, have the right to consider and bear in mind that there is, in every man, an instinct of self-preservation which is *ordinarily* reflected in the exercise of due care and in the avoidance of danger."); *Allen v. Willard,* 57 Pa. 374, 380 (1868) (dicta) ("The natural instinct which leads men in their sober senses to avoid injury and preserve life, is an element of evidence. In all questions touching the conduct of men, motives, feeling and natural instincts are allowed to have their weight, and to constitute evidence for the consideration of courts and juries."). *See also Watkins v. Prudential Insurance Co.,* 315 Pa. 497, 503–04, 173 A. 644, 95 A.L.R. 869 (1934) (regarding the presumption against suicide, this Court stated: "As they deliberated on this case the jurors had the right to bear in mind the fact that to the average human being, life is more attractive than death. They were thus entitled to consider, on an even balance of the evidence as between accidental death and suicide, the probabilities against suicide ...."). *But see Susser v. Wiley,* 350 Pa. 427, 430–31, 39 A.2d 616, 618 (1944) (Court held that it was not error for the trial court to fail to charge the jury on the presumption of due care: "[T]he court told the jury repeatedly that the burden of proving contributory

negligence was upon defendant, and this served the same purpose [as charging the jury on the presumption of due care], for there is little if any difference between the rule which holds that a person killed in an accident is presumed to have used due care and the more general rule that the burden of proving contributory negligence is upon the defendant.").

Since it is clear that the jury is permitted to determine who will prevail on the issue of contributory negligence, and since it is equally clear that the jury is permitted to consider the fact that the law presumes that a decedent was using due care at the time of the accident which caused his death, and to give this presumed fact some weight in its deliberations, the Superior Court erred when it held that "[t]he sole function of the presumption is to place the burden of proving a decedent's negligence on the party asserting that proposition," 291 Pa.Super. 81, 435 A.2d at 229, and that "[t]he presumption has no evidentiary value on behalf of any party." *Id.*

Nevertheless, the cases in Pennsylvania do not articulate just how the jury is to be instructed concerning the presumption of due care.[3] I would hold that the presumed fact—that the decedent was using due care at the time of the accident which caused his death—is to be submitted to the jury as evidence, to be weighed by the jury with any conflicting evidence on the issue of decedent's contributory negligence. This practice has been approved in other states, and I believe that it should be adopted as the law in Pennsylvania. *See, e.g., Wirtanen v. Prudential Insurance Co. of America,* 27 Mich.App. 260, 183 N.W.2d 456, 459 (1970) (where the jury was required to decide whether a death was

**3.** Section 5.61(1) of Pennsylvania's Suggested Standard Jury Instructions for Civil Cases contains the following jury charge:
The law presumes that at the time of the accident causing his death, the decedent was using due care for his own safety. However, this presumption may be rebutted by evidence. If you find from a preponderance of the evidence that decedent was not exercising such care, then your verdict will be for defendant. However, this instruction has never been approved by either this Court or the Superior Court as a proper instruction or a correct statement of law.

suicide or an accident, the court held that "the jury should have been instructed that they were to consider the presumption against suicide and accord to it the weight they chose in the same manner as they weighed every other element of substantial evidence.").

Just as the law recognizes a presumption of due care arising from "the general knowledge of the strength of the instinct of self-preservation and the natural desire to avoid pain and injury to one's self," the law should recognize, by way of an appropriate jury instruction, the probability that the decedent, if he were alive, would testify that he had been using due care at the time of the accident. Thus, the jury should be instructed to view the presumed fact as the equivalent of testimony by the decedent that he was using due care at the time of the accident. In this way, the decedent's death will not deprive him of the benefit of the presumption to which our cases hold that he is entitled. *See Williams v. Flemington Transportation Co., supra.*[4] This consideration is especially important in a case such as this, in which appellee was the only surviving witness and thus in a position to testify, without contradiction or corroboration, as to the events leading up to the accident which caused decedent's death.

In addition, such an instruction would avoid the confusion which I believe exists in Pennsylvania's suggested standard jury instruction and which existed in this case, because in both instances the presumption of due care is characterized for the jury as something less or other than evidence, while the jury is also told that the burden of proving contributory negligence is by a preponderance of the evidence.

4. For this reason, I believe that such cases as *Susser v. Wiley, supra,* do not adequately deal with the issue of instructing the jury. If there really is "little if any difference between the rule which holds that a person killed in an accident is presumed to have used due care and the more general rule that the burden of proving contributory negligence is upon the defendant," then the presumption affords no benefit whatsoever to the decedent, since the burden of proving contributory negligence always rests upon the defendant, even in cases where the presumption does not apply. *See Stegmuller v. Davis,* 408 Pa. 267, 269, 182 A.2d 745, 747 (1962).

I would reverse the judgment of the Superior Court and remand this case for a new trial.

McDERMOTT, dissenting.

I dissent from the decision of the majority which dismisses this appeal as improvidently granted. Appellants direct our attention to the trial court's charge on the presumption of due care, which I believe should be examined by this court.

The presumption of due care is not evidence.* That is not to say it has no bearing on evidence offered to rebut it. One of its purposes is to put another to proof overcoming the ancient belief in self-preservative acts. The presumption is a filter through which contrary evidence must pass before it is accepted by the fact finder. Evidence offered must be examined, along with other considerations, in the light thrown upon human actions by this presumption. The presumption does not vanish simply because contrary evidence is offered; that evidence must be accepted before the presumption evaporates, and that one does not lightly put his life at hazard is one of the tests to determine the acceptability and credibility of the evidence proffered to contravene it. It is not simply a vestige of ancient law, but rather a viable test of conflicting evidence and as such has continuing meaning and usefulness. It should be accorded the dignity of its reasons, to wit, that love of life and fear of pain should be weighed against the charge that one flouted due care for his safety. Hence, in this case I would review the charge of the court below and consider whether the presumption can be dispersed so ambiguously as reported:

> The law presumes that at the time of the accident causing George Yandrich's death he was using due care for his own safety. As has been indicated, this is probably founded on the desire for self-preservation for the individual to avoid pain; but, this presumption is not evidence and does not take the place of evidence. If you find by a prepon-

---

* *See Allison v. Snelling,* 425 Pa. 519, 229 A.2d 861 (1967). *See also, Dilliplaine v. Lehigh Valley Trust Co.,* 223 Pa.Super. 245, 297 A.2d 826, *aff'd,* 457 Pa. 255, 322 A.2d 114 (1972); *Hodge v. MeBee Co.,* 429 Pa. 585, 240 A.2d 819 (1968).

derance of the evidence, as I have described it to you, that the decedent was not exercising such care you will so state in your verdict as I am going to later discuss it with you. Notes of Testimony at 287.

I believe this charge denigrated the importance of the presumption of due care to such an extent as to eliminate its influence on the jury's deliberation. In this case the lad died when his bicycle was struck from the rear. Appellee contends the deceased swerved into his path. Death silenced the boy; one who would say the deceased was careless of his life should be heard under the full meaning of the presumption of due care.

As I do not believe that the concept is either obviated or rendered less useful by the doctrine of comparative negligence, I would remand for a new trial in which the charge of the court would amplify the reasons and full meaning of the presumption, as well as, clarify and define the burdens of proof and their interrelating significance.