534 A.2d 1075

**Sidney L. PHILLIPS, Appellee,**

v.

**Richard SCHOENBERGER, Appellant.**

Superior Court of Pennsylvania.

Argued May 6, 1987.

Filed Dec. 14, 1987.

Thomas E. Boop, Sunbury, for appellant.

James R. Ronca, Harrisburg, for appellee.

Before BROSKY, WIEAND and BECK, JJ.

WIEAND, Judge:

On December 22, 1980, at or about 6:40 p.m., Sidney L. Phillips was a passenger in a vehicle being operated by Richard Schoenberger in a southerly direction on Route 147, a two lane highway in Northumberland County. While attempting to pass a slow moving vehicle, Schoenberger collided with a vehicle travelling in the other direction and being operated by Ray Updegrove. To recover for the injuries which he sustained, Phillips commenced an action against Schoenberger, which was tried before a jury and resulted in a verdict in favor of Phillips and against Schoenberger in the amount of One Hundred Thousand ($100,000) Dollars. Post-trial motions were denied, delay damages

were added, and judgment was entered accordingly. On appeal, Schoenberger raises numerous issues which we will discuss seriatim.

■ The grant of a new trial on the ground that the verdict was excessive and contrary to the weight of the evidence is proper only when the jury's verdict is so contrary to the weight of the evidence as to shock one's sense of justice and make a new trial imperative in order that right may be given another opportunity to prevail. *Burrell v. Philadelphia Electric Co.,* 438 Pa. 286, 289, 265 A.2d 516, 518 (1970); *Bohner v. Stine,* 316 Pa.Super. 426, 436, 463 A.2d 438, 443 (1983); *Yandrich v. Radic,* 291 Pa.Super. 75, 79, 435 A.2d 226, 228 (1981), *appeal dismissed,* 499 Pa. 271, 453 A.2d 304 (1982).

■ Assessing non-economic damages is primarily a matter for the jury, whose verdict will not ordinarily be set aside unless it is so excessive as to shock the conscience of the court. *James v. Ferguson,* 401 Pa. 92, 99, 162 A.2d 690, 694 (1960). The trial judge, who was present at the trial and heard the testimony, has broad discretion with respect to granting or refusing a new trial on the grounds that the verdict was contrary to the weight of the evidence; and his decision will not be reversed on appeal unless he has acted capriciously or has abused his discretion. *Yandrich v. Radic, supra* 291 Pa.Super. at 79, 435 A.2d at 229. A new trial should not ordinarily be granted where the evidence is conflicting and the jury could have decided for either party. *Carroll v. Pittsburgh,* 368 Pa. 436, 445–446, 84 A.2d 505, 509 (1951). In the instant case, the trial judge said that his conscience had not been shocked by the amount of damages awarded by the jury, and our review of the record does not suggest that this was an abuse of discretion.

The evidence established that Phillips had suffered multiple facial lacerations, a fractured nose, a torn lip and nostril, and a muscular ligamentous injury of the spine. The evidence also established that Phillips had spent several days in the hospital following the accident and had undergone several surgical procedures to minimize the scarring

of his face. These efforts were not entirely successful, for Phillips continued at the time of trial to have permanent scarring on his face. He also continues to suffer chronic pain in his back and muscular spasms, as well as chronic headaches due to muscular contraction pain. Because of this, Phillips continues to be treated by physicians for injuries received in the accident.

In *Daly v. John Wanamaker, Inc.*, 317 Pa.Super. 348, 464 A.2d 355 (1983), this Court said:

> The trial court has the authority to order a remittitur of *excessive* damages. *Ready v. Motor Sport, Inc.*, 201 Pa.Super. 528, 193 A.2d 766 (1963). However, the trial court should not interfere with functions of the jury and undertake to determine facts, which is exclusively the province of the jury. When it is apparent that the jury has returned a verdict excessive in amount and clearly beyond what the evidence warrants, the trial court should set aside or reduce the verdict. *Jones v. Stiffler*, 137 Pa.Super. 133, 8 A.2d 455 (1939). Conversely, if the verdict is supported by evidence, it must be permitted to stand where there is nothing to suggest that the jury was in any way guided by partiality, prejudice, mistake or corruption. *Stoughton v. Kinzey*, 299 Pa.Super. 499, 445 A.2d 1240 (1982). Therefore, it is the duty of the court to enforce the jury's verdict unless the circumstances cry out for judicial interference. *Prather v. H.K. Corp.*, 282 Pa.Super. 556, 423 A.2d 385 (1980); *Stoughton, supra.*

*Id.*, 317 Pa.Superior Ct. at 352, 464 A.2d at 357–358 (emphasis in original). The circumstances in the instant case do not "cry out for judicial intervention." The verdict was fully supported by competent evidence, and the verdict was not excessive. It cannot be said that the trial court abused its discretion by refusing to grant either a new trial or a remittitur.

■ Appellant argues that the trial court erred when it refused to grant a mistrial after Ray Updegrove, in response to a question regarding the damages to his car, said, "Oh, the insurance company called it totalled." It is well

settled that "evidence in a personal injury action which informs the jury that the defendant is insured against liability is inadmissible and an improper subject of cross-examination." *Price v. Yellow Cab Company of Philadelphia,* 443 Pa. 56, 63, 278 A.2d 161, 166 (1971). Therefore, "reference to insurance coverage held by one of the parties to an action will be excluded where such reference would be irrelevant and prejudicial." *Beechwoods Flying Services, Inc. v. Al Hamilton Contracting Corp.,* 317 Pa.Super. 513, 518, 464 A.2d 440, 442 (1983). See: *Price v. Yellow Cab Company of Philadelphia, supra; Moidel v. Peoples Natural Gas Company,* 397 Pa. 212, 154 A.2d 399 (1959); *McCormick on Evidence,* § 201 (3rd ed. 1984). However, "the mere mention of the word insurance [by a witness during trial] does not necessitate a new trial. There must be some indication that the defendant [was] prejudiced." *Pushnik v. Winky's Drive In Restaurants, Inc.,* 242 Pa.Super. 323, 335, 363 A.2d 1291, 1297 (1976). See: *Bortz v. Henne,* 415 Pa. 150, 204 A.2d 52 (1964); *Fleischman v. Reading,* 338 Pa. 183, 130 A.2d 429 (1957); *Cain v. Kohlman,* 344 Pa. 63, 22 A.2d 667 (1941). The defendant is not prejudiced and a mistrial is not required where the reference to insurance is ambiguous and does not disclose that the defendant is himself insured. See: *Pushnik v. Winky's Drive In Restaurants, Inc., supra; Bortz v. Henne, supra; Richardson v. Wilkes–Barre Transit Corp.,* 172 Pa.Super. 636, 95 A.2d 365 (1953).

█ In the instant case, the witness was the driver of the other car, and his reference to insurance did not necessarily suggest that appellant was covered by insurance. The witness' testimony may as readily have referred to his own insurance company. Therefore, the witness' reference to insurance was harmless. It did not prejudice the defense, and it did not require that the trial court declare a mistrial.

█ Appellant also complains because he was not permitted to explain to the jury the nature of his injuries which caused amnesia and robbed him of his memory of the accident. However, counsel for the parties stipulated that

appellant's injuries had caused amnesia and that, therefore, he could not recall the accident.

Prior to trial, Phillips filed a motion in limine to preclude Schoenberger from offering testimony pertaining to the injuries which he had sustained in the accident. When the trial court ruled that it would limit the testimony regarding the nature and extent of Schoenberger's injuries, appellant prepared a stipulation to the effect that because of serious injuries sustained in the accident, he was suffering from amnesia and could not recall the details of the accident. Phillips refused to sign the stipulation unless the word "serious" was removed. Upon deletion of the word "serious," both parties signed the stipulation.

Schoenberger now argues that the trial court should have forced Phillips to sign the stipulation as originally prepared. As the trial court properly observed, however, a stipulation is an agreement between the parties, and the court cannot force either party to enter into a particularly worded stipulation regarding the evidence. See: 35 P.L.E. *Stipulations* §§ 1 and 6. A party is not required to agree to a stipulation regarding evidence and can either accept or reject a stipulation offered by the other party. In this case, Phillips initially rejected the proffered stipulation. When Schoenberger agreed to delete the word "serious," Phillips acquiesced and signed the stipulation. Schoenberger cannot now validly complain about a stipulation to which he agreed.

Appellant's complaint that the trial court improperly limited the evidence regarding the injuries which he had sustained in the accident also is not well taken. The stipulation was adequate to explain his amnesia. This was, for purposes of this action, the only relevant fact required by the jury. After the stipulation had been received, there was no need to detail further the nature and extent of his injuries. Furthermore, the trial court told the jury:

THE COURT: Members of the jury, Mr. Boop has just read into the record a stipulation between the lawyers. Now, the stipulation which has been offered and received

in evidence constitutes an agreement by the opposing parties through their attorneys that *these facts may be accepted as undisputed and require no further proofs and will permit no contradictory evidence. They are to be accepted by you as binding and conclusive for the purposes of this trial.*

N.T. at p. 280 (emphasis added). The trial court's rulings on the admissibility of evidence about the defendant's injuries was entirely proper. They do not support appellant's argument for a new trial.

■ Appellant contends that the trial court erred when it ruled that the plaintiff could not be found guilty of contributory negligence as a matter of law and refused to instruct the jury on comparative negligence. The law requires that "a party's negligence must be submitted to the jury unless there is no evidence from which an affirmative finding could be made without resort to speculation." *Yandrich v. Radic, supra* 291 Pa.Super. at 78, 435 A.2d at 228. However, "a trial judge should not instruct a jury to find a material fact in the absence of evidence to support the finding." *Heffernan v. Rosser,* 419 Pa. 550, 554–555, 215 A.2d 655, 657 (1966). Thus, "if a plaintiff's case discloses no contributory negligence and if the defendant offers no evidence from which plaintiff's contributory negligence may be inferred, ... since it is defendant's burden to establish contributory negligence, it is the duty of the trial court to give binding instructions that no such question exists in the case." *Id.* See: *Miller v. Montgomery,* 397 Pa. 94, 97, 152 A.2d 757, 759 (1959).

Phillips' case disclosed no contributory negligence. He recounted the moments prior to the accident as follows:

A.   We went—we went west on Route 11, when we got to Sunbury we continued South on Route 147 as we came past Fishers Ferry, around the bend and started up over the hill Mr. Schoenberger proceeded to pass a vehicle we had been following for two to three miles.

I was unaware of his passing. I was somewhat caught offguard. I was kind of sitting there relaxed and he

pulled out, accelerated, pulled out in the passing zone and we were out there only a second or two and I saw head lights coming from the other direction. When I saw the head lights it was enough time for me to brace myself. That's about all I had time for. And the last thing I remember before the accident, the impact, I don't remember the accident or the impact. The last thing I remember was another set of headlights approximately five or ten feet away from the vehicle I was in.

N.T. at pp. 27–28. Appellant's evidence was also insufficient to permit a jury to find that the plaintiff had been guilty of contributory negligence. Schoenberger testified:

I don't remember the turning out into the passing lane. I don't recall that. I do, however, have memory of after I had passed out into the north bound lane, I do have a memory of seeing lights all of a sudden and being on the—and hitting the brake as a result of this and that I was abreast of the south bound car that I had been about to pass. The south bound car was on the brake as I was. He was dropping back at the same rate of speed that I was. So, therefore, I could not get back into the south bound lane. That's where it ends.

N.T. at p. 285.

While it is true that "a passenger may be held contributorily negligent for [his or] her failure to warn a driver of impending danger, see, e.g. *Smalich v. Westfall,* 440 Pa. 409, 418, 269 A.2d 476, 482 (1970); *Reeves v. Winslow,* 394 Pa. 291, 147 A.2d 357 (1959), the duty to warn does not arise when the driver is fully cognizant of [an] impending danger." *Yannuzzi v. Mitchell,* 260 Pa.Super. 47, 51, 393 A.2d 1005, 1007 (1978). Here, there was no evidence that would have permitted a finding that Phillips had superior knowledge and should have warned appellant not to pass. He was not in control of appellant's vehicle and was not required to exercise the same degree of vigilance for oncoming traffic as was the driver. After Schoenberger began to pass the slow moving vehicle, the few seconds before impact did not provide Phillips the "opportunity to control or

influence the situation for safety." *Reeves v. Winslow, supra* 394 Pa. at 293, 147 A.2d at 358. Therefore, the trial court did not err by ruling, as a matter of law, that Phillips was not contributorily negligent and by refusing a requested instruction on comparative negligence.

██ Appellant's next assignment of error is the trial court's refusal to instruct the jury that because of his amnesia and inability to remember the accident it should be presumed that he exercised due care. The presumption of due care has become a "useless appendage." *Rice v. Shuman,* 513 Pa. 204, 214, 519 A.2d 391, 396 (1986). It "is not evidence and thus cannot be used to offset" evidence of negligence introduced against a party. *Id.,* 513 Pa. at 212, 519 A.2d at 395. Consequently, it can only serve to confuse the jury and becloud the issues. *Id.* It is enough in the instant case that the jury was instructed properly and adequately on the burden of proving the defendant's negligence. See: *Yandrich v. Radic, supra* 291 Pa.Super. at 83, 435 A.2d at 230.

██ Appellant's next argument is that the trial court committed error when it (1) allowed an expert called by the plaintiff to present and interpret x-rays taken by another doctor and (2) permitted the same expert to testify to the causal relationship between the accident and Phillips' injuries. The trial court, in an opinion deciding appellant's post-trial motions, discussed this issue as follows:

> The Defendant raises the claim that the Court erred when it allowed Dr. Watt to testify as an expert and to interpret x-rays taken by another doctor. Dr. Watt was also allowed to testify as to a causal relationship between the accident and the injuries suffered by the Plaintiff.
>> The qualification of an expert is within the discretion of the trial court ... (citations omitted). If a witness has any reasonable pretension to specialized knowledge on the subject under investigation he or she is qualified as an expert.

*Kravinsky v. Glover,* 263 Pa.Super. 8, 20, 396 A.2d 1349, 1355 (1979).

> Dr. Watt testified as to his qualifications, and based on those qualifications he was permitted to testify. The issues raised by the Defendant do not dispute the qualifications of Dr. Watt. Rather, the Defendant challenges the testimony offered by the doctor. The weight to be given to Dr. Watt's testimony was for the jury to decide. The jury determines facts, and they were free to accept or reject the testimony of the doctor. Whatever weight that was to be given to that testimony was within the province of the jury.

We agree and accordingly determine that the trial court did not abuse its discretion or commit an error of law by permitting Dr. Watt to testify.

■ Phillips testified on cross-examination that he had returned to work within two (2) weeks of the accident. During re-direct examination, he explained why he had returned to work so quickly by saying that he wanted "to get back into the swing of things as soon as [he] possibly could." N.T. at 93. Appellant contends that this testimony was irrelevant and prejudicial. We find no merit in this argument.

■ Finally, appellant contends that the trial court erred in assessing damages for delay pursuant to Pa.R.C.P. 238. The mandatory nature of the rule, he argues, was suspended by the Supreme Court in *Craig v. McGee Memorial Rehabilitation Center*, 512 Pa. 60, 515 A.2d 1350 (1986). However, appellant did not raise this issue in the trial court, and he seeks to raise it now for the first time on appeal. This he cannot do. The *Craig* court specifically said:

> [T]he suspension of the mandatory provisions of Rule 238 is to be given prospective effect only. Those parties whose cases are now in the appellate or post-trial process, who have not asserted attacks on the Rule 238 aspect of the damage award, may not now assert such challenges. However, in those cases where the issue has been preserved, the court before whom the case resides on or after this date is to resolve the issue in a manner consistent with this opinion.

*Id.*, 512 Pa. at 66, 515 A.2d at 1353. Because appellant failed to preserve the Rule 238 issue in the trial court, he cannot now challenge the award of delay damages on the basis of the prospective holding of the Supreme Court in *Craig v. McGee Memorial Rehabilitation Center, supra.*

The judgment is affirmed.