# Rheingans *v.* New York, Chicago & St. Louis Railroad Company, Appellant.

*Negligence—Railroads—Conductor—Crossing tracks—Contributory negligence—Evidence—Case for jury.*

In an action against a railroad company for the death of a conductor employed by another railroad company, the question of the deceased's contributory negligence is for the jury, where it appears that the deceased was run over and killed by the tender of an engine of the defendant at a place where both railroad companies used the same track, and maintained a telegraph office for their joint use; that in the performance of his duty, the deceased was crossing the tracks at night with a lantern in his hand, from the telegraph office to his train, when he was struck by the tender that was running backwards at the rate of five or six miles an hour; that he was familiar with the situation and knew that the

engine and tender had been detached from the train to which they belonged and run forward to a water tank, and that they would soon return; where the evidence tends to show that there was no light on the tender and no notice of its approach given by bell or whistle; that the night was windy and stormy, and the air filled with steam; and that there was noise caused by the movement of another train near by, and by the escape of steam from its engine.

Argued April 25, 1912. Appeal, No. 78, Jan. T., 1912, by defendant, from judgment of C. P. Erie Co., Nov. T., 1909, No. 98, on verdict for plaintiff in case of Lena Rose Rheingans v. The New York, Chicago & St. Louis Railroad Company. Before FELL, C. J., POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before BOUTON, P. J., specially presiding.

The circumstances of the accident are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $5,000. Defendant appealed.

*Error assigned* was refusal of binding instructions for defendant.

*Frank Gunnison,* with him *Henry E. Fish, W. Pitt Gifford* and *A. O. Chapin,* for appellant.

*Louis Rosenzweig,* for appellee.

PER CURIAM, May 13, 1912:

The plaintiff's husband was a conductor in the service of the Bessemer & Lake Erie Railroad Company. He was run over and killed by the tender of an engine of the New, York, Chicago & St. Louis Railroad Company, at a place where both companies used the same track and maintained a telegraph office for their joint use. In the performance of his duty, he was crossing the tracks at night, with a lantern in his hand, from the

telegraph office to his train, when he was struck by the tender, that was running backwards, at the rate of five or six miles an hour. He was familiar with the situation and knew that the engine and tender had been detached from the train to which they belonged and run forward to a water tank and that they would soon return. There was testimony tending to show that there was no light on the tender and that no notice of its approach was given by bell or whistle; that the night was windy and stormy and the air was filled with steam and that there was noise caused by the movement of another train near by, and by the escape of steam from its engine.

The case was submitted to the jury with clear and adequate instructions, to which no exceptions were taken. The only question presented by the assignment of error is whether the case should have been withdrawn because of contributory negligence. This could not properly have been done. No one saw the deceased at the time he entered upon the track or when he was struck, and the presumption that he exercised due care is unaffected by any direct proof. Nor is it overcome by proof of the circumstances. Whether, notwithstanding the storm and noise and steam in the air, he would have been aware of the approach of the tender before getting into a place of danger, if he had exercised proper care, was a question for the jury. It is only in clear cases where neither the facts nor the inferences to be drawn from them are in doubt that the court may direct a verdict.

The judgment is affirmed.