Kmetz *v.* Lochiatto, Appellant.

364

Argued March 15, 1966. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Robert S. Grigsby*, with him *John R. Walters, Jr.*, and *Pringle, Bredin, Thomson, Rhodes & Grigsby*, for appellant.

*John E. Evans, Jr.*, with him *Evans, Ivory & Evans*, for appellee.

OPINION BY MR. JUSTICE MUSMANNO, May 24, 1966:

The law of physics is just as controlling in the world of facts as certain principles of law conclusively govern a given legal controversy. The body of the plaintiff in this case, who was knocked into a state of unconsciousness by an automobile in an accident which is the subject of this lawsuit, was found on the western side of the street he was crossing from the eastern side. The hood on the right side of the colliding car was deeply dented and carried bits of flesh and bloodstains, a screw in the headlight rim was loosened, skidmarks on the street leading to the inert body measured 35 feet in length, blood appeared on the street 15 feet beyond the skidmarks near the curb.

Even without any oral testimony, this combination of fact material, if believed by the jury, would spell

out as clearly as if a motion picture camera had recorded the event, that the body of the plaintiff had been struck by the automobile when he had already traversed at least eight ninths of the distance between the eastern curb and the western curb of the street.

In the absence of any other explanation for the dent in the hood, the blood marks, the skidmarks on the street, and the location of the body—and there was none—the conclusion is inevitable and inescapable that, unless the laws of momentum, gravitation, physics, and chemistry, through some freak of nature, failed to concatenate at the time of this accident, the plaintiff was struck by the defendant's car. When all the factual circumstances in a case lead to but one plausible conclusion, a verdict based on those circumstances may not be overturned by a fanciful hypothesis that some other conclusion is possible.

The defendant testified at the trial that he did not see the plaintiff before the impact; he argues in this Court that he is entitled to judgment n.o.v. on the basis that the circumstances, as enumerated, cannot support a charge of negligence against him. The jury could find that the defendant's statement that he did not see the plaintiff before the accident, could, in itself, constitute evidence of negligence. Although the accident happened at night, the defendant offered no elucidation as to why on a well-lighted street, with his headlights blazing and nothing to obstruct his view, he did not see the plaintiff, especially in view of the fact that the plaintiff had to traverse two lanes before he got to the lane in which the defendant was traveling, plus the fact that the plaintiff had to pass before the defendant's car from the extreme left to the extreme right before the impact.

Why didn't the defendant see the plaintiff? He offers no explanation other than that he just didn't see him. This kind of an answer, in the face of the physi-

cal facts, cannot exculpate him since the law requires unremitting vigilance at the wheel, which vigilance necessarily encompasses a constant viewing of what is ahead. At one time or another, even if only momentarily, the plaintiff was within the defendant's line of vision. If he did not see him, only one conclusion is possible, and that is that he was not looking. Not looking while operating an engine which can crash, mangle and cripple all before it is negligence per se.

The law not only requires the motorist to look where he is going but, while looking, to have his car under such control that he can stop within the assured clear distance ahead. (*Galliano v. East Penn Electric Co.*, 303 Pa. 498). The jury found that the defendant did not do this.

In addition, the circumstantial evidence supports the conclusion that the defendant was driving at an excessive rate of speed since the body of the plaintiff was thrown forward 15 feet by the impact.

The defendant also argues that he is entitled to judgment n.o.v. on the basis that the plaintiff was guilty of contributory negligence. He complains that the plaintiff was dressed in dark clothing. The law does not require a pedestrian to drape himself in a sheet in order to cross the street and proclaim to all motorists what he is doing. Pedestrians are allowed to dress as they desire even if the apparel may or may not be in fashion and motorists who run them down may not complain because in November the pedestrian was not wearing a white duck suit.

The plaintiff, because of the head injury he sustained, plus a crushed hip and pelvis which have rendered him a permanent wheel chair case, was unable to testify as to just how the accident occurred. Where a plaintiff is rendered incompetent as a result of injuries he sustained, a presumption of due care follows: "Where a plaintiff's mind is a blank as to an accident

and all its incidents, the presumption is that he did all that the law required him to do and was not guilty of contributory negligence." *Auel v. White,* 389 Pa. 208, 214.

This presumption the defendant failed to overcome with evidence, or even to budge with argument.

Judgment affirmed.

Mr. Justice Jones concurs in the result.

Mr. Justice Cohen dissents.