**Betty L. SLATER and Harley D. Slater, her husband, Appellants,**

v.

**ERIE–LACKAWANNA RAILROAD COMPANY, a corporation.**

No. 17664.

United States Court of Appeals Third Circuit.

Argued April 22, 1969.

Decided May 29, 1969.

William S. Schweers, Harrington, Feeney & Schweers, Pittsburgh, Pa., for appellants.

Gary F. Sharlock, Mercer & Buckley, Pittsburgh, Pa., for appellee.

Before HASTIE, Chief Judge, and FREEDMAN and STAHL, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This tragic grade crossing accident occurred at 3 o'clock in the morning on March 20, 1966 at Greenville, Pennsylvania, when the automobile occupied by the wife-plaintiff was struck by defendant's train of some seventy cars.

The case comes to us in a rather unusual procedural circumstance. After a pretrial conference the defendant moved for summary judgment, which the District Court granted on the basis of the depositions of the defendant's crew, whose testimony the plaintiff had taken. The Court indicated that there was no evidence from which defendant could have been found negligent because there was no evidence that it would have been possible to avoid the collision even if the brakes had been applied immediately after the automobile became visible to the crew as the train came forward along the curve. The Court then went on to declare that the wife-plaintiff's contributory negligence was established as a matter of law.

In view of the severity of the wife-plaintiff's injury and the unusual circumstance that summary judgment was entered against the plaintiffs on the basis of the depositions of the defendant's crew,[1] we have carefully combed the record for any evidence from which a fact finder could determine that the defendant was negligent. There is no such evidence. Unfortunately for plaintiffs, they had no evidence other than testimony of the members of the railroad crew. The evidence affords no basis for

---

1. See Poller v. Columbia Broadcasting Co., 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed. 2d 458 (1962); Fortner Enterprises v. United States Steel Corp., 394 U.S. 495, 89 S.Ct. 1252, 22 L.Ed.2d 495 (April 7, 1969).

a conclusion that the train could have been stopped in the time available from the moment when the plaintiffs' automobile first came into view and the time of the actual impact.

◼ In these circumstances it is unnecessary to consider the question of the wife-plaintiff's contributory negligence in the light of the presumption of her due care which results from her inability to recall any of the circumstances of the accident. See Kmetz v. Lochiatto, 421 Pa. 363, 219 A.2d 588 (1966).

The judgment of the District Court therefore will be affirmed.