515 A.2d 909

**Eva Mae WADDLE, Administratrix of the Estate of Decedent, George W. Waddle, Appellee,**

v.

**Leslie NELKIN and Columbia Pictures Industries, Inc., Appellants.**

Supreme Court of Pennsylvania.

Argued March 5, 1986.

Decided Oct. 8, 1986.

David H. Patterson, Louis C. Long, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, for appellants.

John R. McGinley, Grogan, Graffam, McGinley & Lucchino, James R. Moyles, Poughkeepsie, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION ANNOUNCING THE JUDGMENT
## OF THE COURT

ZAPPALA, Justice.

This appeal arises out of injuries George Waddle[1] sustained as a result of being struck by the vehicle driven by the Appellant, Leslie Nelkin.[2] The record facts indicate that on June 8, 1979, Waddle was struck by a vehicle operated by the Appellant while in the course of her employment. Waddle testified that around noon on the day of the occurrence, he made a service repair call for one of his trucks on Wabash Avenue in the West End section of the City of Pittsburgh. He also indicated that he drove a green pickup truck, which was free from any dents or damages, to the service call and that after the occurrence there were two dents behind the driver's door. As to the occurrence itself, Waddle had no recollection. In addition, Waddle offered the testimony of Leroy Macklin as to what transpired prior to the incident. He testified that Waddle's pickup truck and his disabled vehicle were parked partially on the curb, one in front of the other, such that the rear of the pickup truck was facing the front end of the disabled tractor trailer. Macklin testified that after Waddle completed his repairs, he observed Waddle walk around the front end of his pickup truck, close the front hood, and proceed toward the driver's side of his vehicle. Although Macklin did not actually observe the impact, he did hear a thud and observed Waddle flying through the air.

The Appellant testified that she was en route from New York City to Pittsburgh at the time of the occurrence. After flying into Greater Pittsburgh International Airport and renting an automobile, she stopped for lunch between the airport and her appointment in downtown Pittsburgh.

1. The Appellee's husband, George W. Waddle, apparently did not die as a result of injuries suffered in this accident. He died from unrelated causes after filing his appeal to Superior Court.

2. Since the Appellant, Columbia Pictures Industries, Inc., is involved in this lawsuit only as the employer of Nelkin, references to the individual Appellant will only mean Nelkin.

After lunch, she proceeded on Wabash Avenue en route to the city, stopping once to verify that she was traveling in the correct direction. At the time of the incident, she testified that she was operating a white Thunderbird and traveling between 20 to 25 miles per hour. When she first observed Waddle, she testified that she was no more than 20 feet from him and that his pickup truck and tractor trailer were parked side by side. After striking Waddle, her vehicle was stopped approximately in the middle of the roadway. She also testified that she did not recall if there was any green paint on the right front of her white Thunderbird before or after the accident. Finally, she did not recall using her horn prior to striking Waddle.

After consideration, a jury determined that Waddle was 60 percent at fault while Appellant was only 40 percent at fault, and thus judgment was entered in favor of the Appellant in accordance with comparative negligence.[3] On appeal, Superior Court vacated the judgment and remanded for a new trial, 337 Pa.Super. 636, 487 A.2d 443. The basis for the reversal was the trial judge's refusal to give the following jury instruction:

"Where a plaintiff's mind is blank as to an accident and all its incidents the presumption is that he did all that the law required him to do and was not guilty of negligence."

We thereafter, granted the Appellants' petition for allowance of appeal and now affirm.

At the conclusion of the trial, Waddle requested that the jury be instructed that he was entitled to a presumption of due care because he had no recollection of the accident. There appears no evidence disputing that Waddle was suffering from amnesia. The Appellant successfully argued before the trial court that the instruction was unnecessary since there was testimony regarding the circumstances immediately prior to the incident. In addition, both the trial court and the Appellant agreed that if any error occurred such error was harmless since the trial court properly

3. Act of April 28, 1978, P.L. 202, No. 53 § 10(89), 42 Pa.C.S. § 7102 as amended.

instructed the jury as to the Appellants' burden of proving contributory negligence. The Superior Court disagreed holding that the evidence did not establish contributory negligence as a matter of law, thus requiring the requested point for charge. The Superior Court, however, did not address the harmless error argument.

In *Auel v. White*, 389 Pa. 208, 132 A.2d 350 (1957), we set forth the controlling law regarding the issue of the presumption of due care.

> Where a plaintiff's mind is a blank as to an accident and all its incidents, the presumption is that he did all that the law required him to do and was not guilty of contributory negligence. The presumption, however, is a rebuttable one and must give way when the facts as established by plaintiff's evidence shows that he was guilty of contributory negligence. (Citations omitted)

389 Pa. at 214, 132 A.2d at 353. See also, *Kmetz v. Lochiatto*, 421 Pa. 363, 219 A.2d 588 (1966). Therefore, having conceded that Waddle was suffering from amnesia, the only issue is whether the evidence offered by Waddle rebutted the presumption of due care. Like the Superior Court, our review finds no such evidence.

Unlike the plaintiff in *Auel*, or *Heath v. Klosterman*, 343 Pa. 501, 23 A.2d 209 (1941), Waddle did not call Nelkin as a witness to establish the facts of the occurrence. True, Waddle did call Leroy Macklin as his witness, but his testimony only established facts prior to and subsequent to the actual occurrence. Our review of the evidence offered by Waddle supports his position that his evidence did not establish contributory negligence as a matter of law thereby rebutting the presumption of due care.

In fact, Appellant's testimony appears suspect at best, with regard to the occurrence. The Appellant testified that at the time she observed Waddle she was traveling between 20 to 25 miles per hour, yet, she was unable to bring her vehicle to a stop prior to striking Waddle when he was 20 feet in front of her. She further testified that she did not blow her horn to alert Waddle of her presence. Finally, she

testified that she did not remember a dent in either her automobile or the pickup truck, even though she was driving a rented automobile which is always subject to inspection for damages. Thus, it is clear that under all the facts the trial court could not determine as a matter of law that Waddle was contributorily negligent.[4] Accordingly, the trial court erred in failing to give the requested jury instruction.

The only issue that remains is whether the trial error was harmless as the Appellants suggest. The Appellants contend that any error was obviated by the trial court's instruction to the jury that the Appellants had the burden of establishing Waddle's contributory negligence.

In *Watkins v. Prudential Insurance Co.*, 315 Pa. 497, 173 A. 644 (1934) Justice Maxey examined in great detail the derivation of a "presumption." His conclusive statement regarding the applicability of a "presumption" to jury deliberations is apropos.

In the deliberations of the jury there are permissible inferences (sometimes miscalled "presumptions") rooted in general human experience and which have weight when the evidence, respectively, for and against a fact in issue leaves the jury in a "twilight zone" of doubt as to that fact. Such "presumptions may be looked upon as legally recognized phantoms of logic, flitting in the twilight, but disappearing in the sunshine of actual facts".

315 Pa. at 512 (paraphrasing *Mackowik v. Kansas City, St. J. & C.B.R. Co.*, 196 Mo. 550, 94 S.W. 256, "Presumptions may be looked on as the bats of the law, flitting in the twilight, but disappearing in the sunshine of actual facts." While it is clear that a presumption itself is not evidence, it does evolve from facts.

In the appeal now before us, the purpose of the presumption is to establish as a matter of law that Waddle acted with due care. It is not evidence that Waddle acted with due care but only a rule of law, absent any evidence to the

4. It is interesting to note that in fact the trial judge correctly refused to direct a verdict of contributory negligence.

contrary, that Waddle acted reasonably. *Auel, supra* and *Kmetz, supra*. Thus, if any evidence has been presented in plaintiff's case in chief to establish contributory negligence as a matter of law, then the presumption must fail.

Contributory negligence is an affirmative defense which must be proved by the proponent. Instructions which place the burden of proof upon the proponent is not establishing a fact but rather allocating the burden of establishing that fact. In order to evaluate a party's conduct, the jury must assess the actions of the party to determine whether he acted with due care. Thus, the presumption satisfies this assessment and provides the basis upon which the jury could conclude that a party acted reasonably. If a party has presented sufficient evidence to rebut the presumption, then the other party is left without any inference to establish the reasonableness of his actions. Although it is incumbent upon a defendant to demonstrate that a plaintiff acted without due care, a plaintiff must still establish that a defendant acted unreasonably. This determination requires a comparison of the actions of both parties. The presumption of due care was created to provide a legal conclusion that if a plaintiff could testify as to the events in question he would have substantiated that a defendant acted unreasonably in comparison to his own actions. Thus, it is quite clear that the presumption of due care serves a separate purpose from that of an instruction allocating the burden of proof.

Furthermore, we must distinguish between the use of the presumption of due care for purposes of testing a court's ruling on a judgment not withstanding the verdict and a new trial alleging an error in jury instructions. *See Yandrich v. Radic*, 499 Pa. 271, 453 A.2d 304 (1982), Larsen, J. dissenting. We have held in *Watkins, supra,* that a presumption itself is not evidence and has no probative evidentiary value. Since a presumption is not probative evidence, a verdict entered solely on a presumption cannot stand because that judgment would not be supported by sufficient evidence.

Unlike a judgment not withstanding a verdict, a motion for new trial does not test the verdict itself but the legal proceedings resulting in the verdict. The basis of the new trial is not that the judgment is unsupported by sufficient evidence, but that an alleged trial error affected the verdict. Thus, the fact that a presumption cannot itself support a verdict is irrelevant when determining whether a jury should be instructed as to a presumption of law. Cases such as *Watkins* are not controlling when determining whether the trial court committed error in failing to give a jury instruction on the presumption of due care.

Having determined that an instruction on the burden of proving contributory negligence does not satisfy the failure to instruct as to the presumption of due care, it is clear that the trial judge's error cannot be characterized as harmless. As Justice Musmanno poignantly stated in *Lobalzo v. Varoli*, 409 Pa. 15, 21, 185 A.2d 557, 561 (1962):

When an error in a trial is of such consequence that, like a dash of ink in a can of milk, it cannot be strained out, the only remedy, so that justice may not ingest a tainted fare, is a new trial.

Finally, the Appellants' argue that the adoption of comparative negligence negates the necessity of the presumption of due care instruction. As previously stated a jury instruction on the presumption of due care serves a different purpose from that of a comparative negligence instruction allocating the burden of proof. The change in our law from barring recovery for a plaintiff who acts negligently to evaluating the extent of a plaintiff's own negligence in determining the substantial factor in causing the injuries does not obviate the concerns of a plaintiff suffering from amnesia. Comparative negligence only altered how an injury is evaluated not how it is established. Therefore, the adoption of comparative negligence has no effect on the use of the presumption of due care.

Accordingly, we affirm the Order of the Superior Court reversing the judgment of the Court of Common Pleas and granting the Appellee a new trial.

LARSEN, J., filed a concurring opinion in which PAPADAKOS, J., joined.

McDERMOTT, J., filed a concurring opinion.

NIX, C.J., filed a dissenting opinion in which FLAHERTY and HUTCHINSON, JJ., joined.

FLAHERTY and HUTCHINSON, JJ., filed a dissenting opinion.

LARSEN, Justice, concurring.

I concur in the remand of this case for a new trial, but would afford the presumption of due care different weight than the majority.

In this case, Waddle had no recollection of the events surrounding the accident. As this Court held in *Auel v. White*, 389 Pa. 208, 132 A.2d 350 (1957):

> Where a plaintiff's mind is a blank as to an accident and all its incidents, the presumption is that he did all that the law required him to do and was not guilty of contributory negligence.... The presumption, however, is a rebuttable one and must give way when the facts as established by plaintiff's evidence show that he was guilty of contributory negligence.... (Citations omitted)

389 Pa. at 214, 132 A.2d at 353. Therefore, Waddle was entitled to a jury instruction on the presumption of due care and the trial court erred in its refusal to so instruct the jury.

However, I must disagree with the majority's characterization of the use of a presumption of due care. The majority opinion states, "[t]hus, if any evidence has been presented in plaintiff's case in chief to establish contributory negligence as a matter of law, then the presumption must fail." Maj. opinion at 647. Here, no evidence was presented in Waddle's case in chief that he acted unreasonably. However, even if such evidence had been presented, I disagree that the presumption must fail.

As stated in my dissenting opinion in *Yandrich v. Radic*, 499 Pa. 271, 453 A.2d 304 (1982):

[T]he presumed fact—that the decedent was using due care at the time of the accident which caused his death— is to be submitted to the jury as evidence, to be weighed by the jury with any conflicting evidence on the issue of decedent's contributory negligence.

499 Pa. at 276, 453 A.2d at 306.

Thus, the presumption of due care would not vanish for those entitled to it by the mere presentation of evidence of contributory negligence. The purpose of the presumption is to assist those who cannot testify concerning the circumstances surrounding the accident.

[T]he jury should be instructed to view the presumed fact as the equivalent of testimony by the decedent that he was using due care at the time of the accident. In this way, the decedent's death will not deprive him of the benefit of the presumption to which our cases hold that he is entitled.

*Yandrich,* 499 Pa. at 277, 453 A.2d at 306–307. The presumption applies to a deceased plaintiff as well as the plaintiff whose "mind is a blank as to an accident and all its incidents," as the plaintiff in the present case.

Thus, while I concur that a new trial must be granted because of the trial court's failure to instruct the jury as to the presumption of due care, I would hold that the presumption should be given the weight of evidence.

PAPADAKOS, J., joins this concurring opinion.

McDERMOTT, Justice, concurring.

I concur in the result for the reasons outlined in my dissent in *Yandrich v. Radic,* 499 Pa. 271, 278, 453 A.2d 304, 307 (1982).

NIX, Chief Justice, dissenting.

There is no area of the law where loose language and discordant decisions have given rise to complexities and subleties that would confound the most nimble and agile intellect more than the subject of presumptions, their scope

and effect. The history of the development of the presumption of due care, which we are here considering, provides a stellar example of the obfuscation that is engendered. The rational basis justifying the wisdom of such a presumption is as questionable as the validity of its effect when it is employed. My disagreement with the majority is their lock-step adherence to an analysis which is not only confused but is also unnecessary. Erudition is not evidenced by engendering unnecessary complexities. I would seize this opportunity to eradicate the confusion this presumption has occasioned by identifying the instinct of self-preservation, which is the basis of the presumption," and treat it as merely a factor that may be taken into consideration in evaluating the negligence of any party charged with such conduct.

As the majority recognizes, a presumption is not evidence and may not be used to substitute for evidence. It either directs a party to come forward with the evidence, *i.e.*, the burden of production, or determines where the burden of persuasion lies, *i.e.*, the burden of proof. Thus, a presumption merely allocates the respective responsibilities between the antagonists in the proceedings. It does not establish facts in favor of a given position.[1] With this perspective the need for a presumption of due care for either a deceased or incapacitated plaintiff or defendant is at best questionable. What is certain is that any utility it may have is far outweighed by the confusion it creates.

It is well established that the plaintiff has the burden of proving the negligence of the defendant as the legal cause of the accident. This, therefore, places both the burden of production and persuasion upon the plaintiff to establish defendant's negligence. The majority recognizes that the presumption of due care when asserted by the plaintiff

---

1. Some of the language in our cases on this point has inadvertently confused this important principle. *See, e.g., Potochnik v. Pittsburgh Railroad Co.*, 379 Pa. 154, 108 A.2d 733 (1954). (This Court affirmed per curiam on the opinion of the trial judge. It, therefore, appeared to accept the trial judge's conclusion that the presumption of due care was a factual one which required rebuttal.)

plays no part in establishing the fact of the defendant's negligence. Thus, the question that must be pursued is the role of the presumption in the resolution of a charge of contributory negligence raised by the defendant. Here, again, the critical factors appear to be clear. The defendant has the burden to establish the contributory negligence of the plaintiff. *Heffernan v. Rosser*, 419 Pa. 550, 215 A.2d 655 (1966); *Stegmuller v. Davis*, 408 Pa. 267, 182 A.2d 745 (1962); *Brown v. Jones*, 404 Pa. 513, 172 A.2d 831 (1961); *Good v. City of Pittsburgh*, 382 Pa. 255, 114 A.2d 101 (1955). This, therefore, means that both the production of the evidence and the obligation to persuade the factfinder are on the defendant as to this issue. In the scenario presented here the absence of a need for the presumption of due care favoring an incapacitated or deceased plaintiff would be evident. However, the situation was compounded by a number of decisions indicating that a plaintiff may not recover if evidence in his own case convicts him of contributory negligence. *See Good v. City of Pittsburgh, supra; Perpetua v. Philadelphia Transportation Co.*, 380 Pa. 561, 112 A.2d 337 (1955); *Lewis v. Quinn*, 376 Pa. 109, 101 A.2d 382 (1954). Under former law in this Commonwealth, this arguably may have presented a problem because plaintiff would have been subject to a nonsuit if it appeared he was contributorily negligent. *See Auel v. White*, 389 Pa. 208, 132 A.2d 350 (1957); *Rank v. Metropolitan Edison Co.*, 370 Pa. 107, 87 A.2d 198 (1952).[2] Today under our rule of comparative negligence, any suggestion of a need for the presumption is removed. Where there is an issue of contributory negligence, whether that evidence is found in either the testimony presented by the plaintiff or from the

---

2. Even under former law it is questionable as to the legitimacy of the use of the presumption of due care by the plaintiff. Since the presumption was not evidence, although it allowed the matter to go to the jury, if that body followed its instructions the evidence of contributory negligence would require a verdict for the defendant since the presumption alone could not overcome it. If in fact there was countervailing evidence to establish that the plaintiff had not been negligent, the matter would be a jury question in any event.

evidence offered by the defendant, the matter is submitted to the jury for its consideration in determining the plaintiff's right of recovery and the defendant's extent of liability.

The presumption of due care is premised upon the normal instinct of self-preservation. This, of course, would be applicable to both plaintiff and defendant and is not in any way related to the severity of the injuries received by the parties as a result of the accident. To permit it to be used only by the party killed or incapacitated does not withstand the test of logic. Rather, it should be considered in assessing the credibility of the evidence against anyone charged with negligent conduct.

FLAHERTY and HUTCHINSON, JJ., join in this dissenting opinion.

FLAHERTY, Justice, dissenting.

I join the dissenting opinion of Mr. Chief Justice Nix. A presumption is no more than a *guideline*. It recognizes, in this instance, a human instinct. Such is called to the attention of the jury in order to assist it in its deliberation and assessment of the facts. It is by no means evidence or even tantamount to evidence.

HUTCHINSON, Justice, dissenting.

I dissent. Mr. Justice Zappala, in the Opinion Announcing the Judgment of the Court, has apparently overlooked the fact that contributory negligence is no longer the law in Pennsylvania. In 1978, the legislature created a modified comparative negligence system. 42 Pa.C.S. § 7102. Any plaintiff whose fault is not greater than the defendant's will recover at least a portion of his damages. This is a radical departure from contributory negligence where a plaintiff who was negligent in any degree could not recover anything. Rules fashioned in response to the often cruel rigors

of contributory negligence should not be blindly continued under our new system of comparative negligence.

Under contributory negligence plaintiff's negligence and defendant's negligence are separate and distinct. Defendant's culpability, no matter how great, is of no moment if the plaintiff was negligent to any degree. Comparative negligence, on the other hand, espouses a more holistic approach. Fault for the accident is assumed, and the jury, based on the evidence, apportions that fault between the parties. Thus, plaintiff's negligence and defendant's negligence are no longer separate and distinct, but inversely related to each other. As one party's fault increases, the other party's necessarily decreases. In fact, plaintiff's and defendant's negligence constitute together one inseparable whole because they are both apportioned out of the same pool of total fault.

The presumption of due care, as applied by the majority, conflicts with comparative negligence's goal of fairly apportioning fault and liability by giving plaintiffs such as Waddle an unfair advantage. A defendant, of course, is not entitled to the same presumption, though his fault is part of the same unity as plaintiff's. The fault presumed not to be plaintiff's is necessarily added to defendant's share of the whole. Under comparative negligence, the party alleging negligence has the burden of coming forward with evidence. Thus, I believe that the presumption of due care has outlived its usefulness as evidence of a plaintiff's due care.[1]

It may continue to have a function as an allocator of the burden of producing evidence but, as such, should disappear once evidence of the actual event is produced.[2] Shifting the burden adequately protects amnesiac plaintiffs. The harshness of contributory negligence which the presumption, in

1. If, in fact, it ever had any; our own precedent states that the presumption itself has no weight as evidence. *Moore v. Esso Standard Oil Co.,* 364 Pa. 343, 345, 72 A.2d 117, 119–20 (1950).

2. Many respected commentators have suggested that presumptions do nothing but shift the burden of production. *E.g.,* McCormick on Evidence 974–75 (E. Cleary, 3d ed. 1984); 9 Wigmore's Evidence, § 2487 (J. Chadbourn Rev.1981).

part, addressed[3] has been eliminated by comparative negligence. In any case, I believe that we should consider the needs and nature of the comparative negligence system and the place of the presumption of due care in it.

In addition, even if the presumption remains viable, I do not believe that the instruction requested by appellee is proper under any circumstances. The jury should have been told that the presumption of due care is effective in the absence of evidence to the contrary, and it is the jury's task to decide if such evidence exists. If believed, the testimony of Macklin and Nelkin, to my mind, is sufficient to rebut the presumption. Nelkin testified that she was driving on Wabash Avenue and Waddle suddenly appeared about twenty feet in front of her. Macklin testified that immediately before the impact, Waddle shut his pick-up truck's hood and walked toward the roadway. Thus, the jury should have been instructed that the presumption is effective only if they do not find evidence that rebuts it. Since one's actions are judged by an objective standard, the jury could find as a fact that Waddle did not exercise due care.

Therefore, I would reverse Superior Court and reinstate the Common Pleas verdict.

---

3. The presumption permits an amnesiac plaintiff to survive a judgment n.o.v. or directed verdict based on contributory negligence. *See, e.g., Keasey v. Pittsburgh and Lake Erie Railroad Co.*, 404 Pa. 63, 170 A.2d 328 (1961).