519 A.2d 391

**Kurt and Margaret RICE, Appellees**

v.

**Dr. David SHUMAN, Appellant.**

**Anna RICKENBACH and Bertolet Rickenbach**

v.

**Kurt RICE and Dr. David Shuman.**

**Margaret RICE**

v.

**Kurt RICE and Dr. David Shuman.**

Supreme Court of Pennsylvania.

Argued April 15, 1986.

Decided Dec. 16, 1986.

206

---

Joseph T. Bodell, Jr., Bruce W. McCullough, Philadelphia, for appellant.

Jerome H. Ellis, Philadelphia, for Anna & Bertolet Rickenbach.

Eugene A. Spector, Philadelphia, for Kurt & Margaret Rice, as plaintiffs.

Cecilia F. Wambold, Philadelphia, for Kurt Rice, as additional defendant.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

NIX, Chief Justice.

The instant discretionary appeal requires this Court to pass upon the claim of Dr. David Shuman, an original defendant in a personal injury action who was unable to testify at the trial due to injuries sustained in the accident in question, that the trial court was required to charge the jury of a presumption of due care that arose in his favor. We granted this appeal to pass upon the broader question of the continuing vitality of a presumption of due care arising in the favor of a deceased or incapacitated defendant in view of the enactment of a comparative negligence system. 42 Pa.C.S. § 7102.

On August 21, 1979, at the intersection of Henry Avenue and DuPont Street in the City of Philadelphia, a motor vehicle collision occurred. Just prior to impact, Dr. David Shuman, appellant, was operating a vehicle in a southerly direction on Henry Avenue with Mrs. Anna Rickenbach as his passenger. The other driver, Mr. Kurt Rice, had been proceeding in a northerly direction on Henry Avenue and was making a left-hand turn to proceed in a westerly direction on DuPont Street. Margaret Rice was a passenger in the vehicle operated by her husband, Kurt Rice.

As a result of the accident, Anna Rickenbach sustained multiple injuries to her extremities and forehead which rendered her unable to work, and which markedly diminished the quality of her life. Margaret Rice suffered fractures of the right tibia and fibula which permanently rendered her right leg 3/8″ shorter than her left leg. Kurt Rice incurred injuries to the right knee and left hand. These injuries resulted in permanent disability in that he has a limited range of motion in the left hand and lacks the ability to straighten his knee all the way. Appellant Shuman sustained severe head injuries which rendered him incompetent to testify at the time of the jury trial.

As a result of this occurrence, a number of lawsuits were instituted. Kurt and Margaret Rice entered suit against

Dr. Shuman, Anna Richenbach and Bertolet Rickenbach entered suit against Kurt Rice and Dr. Shuman, and Margaret Rice instituted an action against Kurt Rice and Dr. Shuman. These matters were consolidated for trial and heard before a jury, which returned a verdict on May 27, 1982 determining that both Mr. Rice and Dr. Shuman were responsible in varying degrees for the accident. The jury assigned 70% of the negligence to Dr. Shuman and 30% to Mr. Rice. The jury's damage award provided: for Anna Rickenbach, in the amount of Six Hundred Fourteen Thousand Dollars ($614,000); for Bertolet Rickenbach, in the amount of Fifty Thousand Dollars ($50,000); for Margaret Rice, in the amount of Four Hundred Thousand Dollars ($400,000); and for Kurt Rice, in the amount of Two Hundred Fifty Thousand Dollars ($250,000). The verdict was molded by the learned trial judge to reflect the apportionment of negligence pursuant to the jury's finding and to reflect the settlement that had been reached with Kurt Rice prior to trial. Post-verdict motions were argued and final judgments were entered against appellant, Dr. Shuman, in the amount of Four Hundred Twenty-nine Thousand Eight Hundred Dollars ($429,800) in favor of Anna Rickenbach; in the amount of Thirty-five Thousand Dollars ($35,000) in favor of Bertolet Rickenbach; in the amount of Two Hundred Eighty Thousand Dollars ($280,000) in favor of Margaret Rice; and in the amount of One Hundred Seventy-five Thousand Dollars ($175,000) in favor of Kurt Rice.[1]

Following the jury's verdict, appellant raised numerous issues as the basis for a new trial, all of which were overruled by the trial court. Although the trial court explained to the jury that Dr. Shuman's absence was due to incompetence which resulted from the injuries sustained in the accident and that no adverse inference could be drawn from his failure to testify, the court refused a requested point of charge that provided:

1. Pursuant to Rule 238 of the Pennsylvania Rules of Civil Procedure, the trial court also assessed delay damages against Dr. Shuman in each instance. The validity of that action is not presently before this Court.

When a person injured in an accident is rendered incompetent by his injuries or has lost his memory as a result of his injuries so that he is unable to testify as to how the accident occurred, the law presumes that at the time of the accident that person was using due care for his own safety.

■ Relying upon the Superior Court's decision in *Yandrich v. Radic*, 291 Pa.Super. 75, 435 A.2d 226 (1981), *appeal dismissed*, 499 Pa. 271, 453 A.2d 304 (1982), the trial judge in his opinion justified his decision to reject the requested point of charge noting, "in light of the advent of comparative negligence in Pennsylvania, an instruction on the presumption of due care can only cloud or confuse the issues. It is sufficient to instruct properly and adequately regarding the burden of proving negligence and contributory negligence." Slip op. at 10, filed March 12, 1984, at Nos. 4187 Feb. Term 1980, 5057 Jan. Term 1980, and 339 August Term 1981, Court of Common Pleas of Philadelphia County.[2] Upon appeal to the Superior Court, 346 Pa.Super. 640, 499 A.2d 405, argued before a three-member panel, that court affirmed with one of the members of the panel dissenting and expressing the view that the record required the requested point of charge to be given.[3]

■ A definitive resolution by this Court of the impact of comparative negligence upon the continuing viability of the presumption of due care in this jurisdiction has heretofore proven elusive. *See, e.g., Waddle v. Nelkin*, 511 Pa. 641, 515 A.2d 909 (1986); *Yandrich v. Radic, supra*, (Larsen and McDermott, JJ., dissenting). The difficulty arose because of our failure to first focus upon the role that the presumption was perceived to fulfill and then to examine its

2. The trial court also found that appellant had waived his claim regarding the presumption of due care because he had failed to take exception to the charge *as given*. We agree with the Superior Court's conclusion that the claim was preserved by appellant's exception to the trial judge's denial of his *proposed* charge on this issue. *Jones v. Montefiore Hospital*, 494 Pa. 410, 431 A.2d 920 (1981).

3. The panel was composed of Judges Cavanaugh, Beck and Tamilia, with Judge Cavanaugh filing a dissenting statement.

success in achieving the anticipated result. Utilizing such an analysis it becomes obvious that the limited benefit derived from the use of the presumption under prior law is clearly no longer present as a result of the adoption of a system of comparative negligence within this jurisdiction. The instant appeal provides an illustration of a fair and clear instruction to the jury with respect to the burden of the respective parties without resort to the presumption of due care. Moreover, we are satisfied that the use of the presumption in this case would have obfuscated rather than clarified the issues the jury was called upon to resolve. We therefore hold that the trial court's refusal to give the requested point of charge was not error.

After the denial of the requested point of charge the trial judge gave the following jury instructions applicable to the respective burden of proof and the effect of comparative negligence.

First off, Dr. David Shuman can't be here today and no inference should be taken adversely to him because he can't be here today. You've heard that he has been declared to be incompetent by the Court of Common Pleas, of which this is a part, and therefore, his [non]appearance is unavoidable. . . .

Comparative Negligence is primarily involving adjustment of the figures where two people are involved in an accident and there's a different degree of negligence, a different weight to be given to the negligence, both of them. Consequently, the comparative negligence will apply to all the plaintiffs in this case if you find that there was negligence on the part of Kurt Rice. But again, that does not change and it does not affect your dollar figures. All adjustments are made by the Court once you put down what you believe the verdict should be.

If you find that there was some negligence, then you determine whether or not the weight of that negligence is to be defined percentagewise. You must do that, and when you do that the Court will then adjust the verdict according to what you've done. You have to first find

negligence and then apply the Doctrine of Comparative Negligence.

R. at 713a–715a.

■ The proper use of a presumption is either to direct a party to come forward with the evidence, *i.e.*, the burden of production, or to direct a party to assume the burden of persuasion, *i.e.*, the burden of proof.[4] *Waugh v. Commonwealth*, 394 Pa. 166, 146 A.2d 297 (1958); *MacDonald v. Pennsylvania Ry. Co.*, 348 Pa. 558, 36 A.2d 492 (1944); *Watkins v. Prudential Insurance Co.*, 315 Pa. 497, 173 A. 644 (1934). *See* 9 Wigmore, Evidence § 2487 (Chadbourne Rev.1981). Regrettably, the law of presumptions has been unnecessarily confused by court decisions equating the term with "fact" or "evidence." *See Potochnik v. Pittsburgh Ry. Co.*, 379 Pa. 154, 108 A.2d 733 (1954) (where this Court, affirming *per curiam* on the opinion of the trial judge, implicitly accepted the trial judge's statement that the presumption of due care was a factual one); *Susser v. Wiley*, 350 Pa. 427, 39 A.2d 616 (1944) (presumption of due care is a factual one). Clarity is served in this area by stressing that a presumption is designed merely to allocate the respective responsibilities between the antagonists in the lawsuit. With this perspective it becomes apparent that there is no need for a presumption of due care running in the favor of the defendant.

■ The plaintiff has the burden of proving the negligence of the defendant as the legal cause of the accident. This therefore places upon the plaintiff the obligation of both coming forward with the evidence of the defendant's negligence and persuading the factfinder on this issue. *Mapp v. Wombucker*, 421 Pa. 383, 219 A.2d 681 (1966); *Fegely v. Costello*, 417 Pa. 448, 208 A.2d 243 (1965); *Cushey v. Plunkard*, 413 Pa. 116, 196 A.2d 295 (1964).

■ Conversely, the defendant has the burden of establishing the contributory negligence of the plaintiff. *Heffer-*

---

4. Conclusive presumptions should be excluded from this analysis because in reality they are not rules of evidence but rather constitute a substantive rule of law.

*nan v. Rosser*, 419 Pa. 550, 215 A.2d 655 (1966); *Stegmuller v. Davis*, 408 Pa. 267, 182 A.2d 745 (1962); *Brown v. Jones*, 404 Pa. 513, 172 A.2d 831 (1961); *McKniff v. Wilson*, 404 Pa. 647, 172 A.2d 801 (1961). Thus, it is incumbent upon the defendant to produce the evidence and to persuade the jury on this issue. *Id.*

■■■ The respective burdens as to production and persuasion are clearly defined and easily explained to a jury charged with the fact-finding function. Thus the imposition of the presumption of the deceased or incapacitated defendant would not only serve no purpose, its use is more likely to confuse a jury as to their responsibility. The presumption is not evidence and thus cannot be used to offset the defendant's negligence introduced by the plaintiff against him.[5] *See Hodge v. Me-Bee Co.*, 429 Pa. 585, 240 A.2d 818 (1968); *Allison v. Snelling & Snelling, Inc.*, 425 Pa. 519, 229 A.2d 861 (1967); *Richmond v. A.F. of L. Medical Service Plan of Philadelphia*, 421 Pa. 269, 218 A.2d 303 (1966); *Lescznski v. Pittsburgh Ry. Co.*, 409 Pa. 102, 185 A.2d 538 (1962). For the same reasons the presumption may not serve to establish the plaintiff's contributory negligence. *Id.* The obvious motive for the application of the presumption to a defendant was to prevent a surviving competent plaintiff from taking advantage of the death or incapacitation of the defendant. However, the recognized effect of the presumption does no more than prevent a defendant's absence from lessening the burden upon the plaintiff of establishing the defendant's negligence. Since the burden upon the plaintiff has been established without regard to the availability of the defendant to personally defend, it serves no purpose in this context. The only concern is that the jury may have improperly drawn an

5. It also must be remembered, in this context, that if plaintiff has failed to establish in the case in chief evidence that would support a finding that the defendant's negligence was a legal cause of plaintiff's injuries a non-suit would be appropriate as there would be no question to present to a jury. *Cuthbert v. City of Philadelphia*, 417 Pa. 610, 209 A.2d 261 (1965); *Idlette v. Tracey*, 407 Pa. 278, 180 A.2d 37 (1962); *Della Porta v. Pennsylvania R.R. Co.*, 370 Pa. 593, 88 A.2d 911 (1952).

adverse inference against the absent party, which was properly addressed by the trial judge.

■ This concept of a presumption of due care is premised upon the natural instinct of self-preservation which would suggest that an individual has not unduly exposed himself or herself to the possibility of serious bodily harm. It was originally formulated for the benefit of the plaintiff who was either deceased or incapacitated as a result of the injuries that were sustained in the accident. *See, e.g., Kmetz v. Lochiatto,* 421 Pa. 363, 219 A.2d 588 (1966); *Auel v. White,* 389 Pa. 208, 132 A.2d 350 (1957); *Susser v. Wiley, supra; Heaps v. Southern Pa. Traction Co.,* 276 Pa. 551, 120 A. 548 (1923). The presumption was designed to overcome the former rule of law that in order to have his or her case reach the jury, the plaintiff was required to present a case free of his or her own negligence. *See Good v. City of Pittsburgh,* 382 Pa. 255, 114 A.2d 101 (1955) (a plaintiff must set forth a case free from contributory negligence). It relieved the plaintiff, who was unable to testify, of the responsibility of presenting evidence in his or her case-in-chief of the plaintiff's due care. While it did not supply affirmative evidence on that point, it shifted the burden upon the defendant to come forward with evidence of plaintiff's negligence, thus making it a jury question. Apparently through some sense of fairness the presumption was also made available to the defendant when he or she was either killed or incapacitated as a result of injuries sustained in the accident.[6] *Freund v. Huster,* 397 Pa. 652, 156 A.2d 534 (1959); *Newsome v. Baker,* 395 Pa. 99, 148 A.2d 906 (1959); *Balla v. Sladek,* 381 Pa. 85, 112 A.2d 156 (1955). At best, the recognition of the natural instinct of self-preservation should merely be one of the factors that a jury may take into consideration in evaluating the evidence of negligence that is offered against any party so charged. In any event, it is apparent under present law that the

---

6. The purpose it served for the defendant, even under prior law, is questionable since it was recognized that the plaintiff always had the burden of proving defendant's negligence and it was accepted that the presumption did not supply evidence.

presumption of due care running in favor of a deceased or incapacitated defendant is a useless appendage which is likely to obfuscate rather than clarify the issues to be resolved in the lawsuit.[7]

For the foregoing reason, we affirm the Order of the Superior Court.

LARSEN, McDERMOTT and ZAPPALA, JJ., file dissenting opinions.

LARSEN, Justice, dissenting.

For the reasons expressed in my concurring opinion in *Waddle v. Nelkin,* 511 Pa. 641, 649–50, 515 A.2d 909, 913–14 (1986) and my dissenting opinion in *Yandrich v. Radic,* 499 Pa. 271, 272–78, 453 A.2d 304 (1982), I dissent. In my opinion the presumption of due care of a deceased or incapacitated party remains viable and necessary regardless of this Commonwealth's shift, by statute, from a contributory negligence to a comparative negligence state. 42 Pa.C.S.A. § 7102.

The majority takes an inordinately narrow view as to "the proper use of a presumption ... either to direct a party to come forward with the evidence, i.e., the burden of production, or to direct a party to assume the burden of persuasion, i.e., the burden of proof.... Regrettably, the law of presumptions has been unnecessarily confused by court decisions equating the term with 'fact' or 'evidence.' " Majority at 211. In point of fact, *this* presumption—the presumption that a deceased or incompetent was using due care at the time of the accident—has been and should be given some weight as evidence to be weighed by the jury with any conflicting evidence, and the jury should be instructed to view the presumed fact (of due care) as the equivalent of testimony by the decedent or incompetent that he was using due care at the time of the accident. *Yandrich v. Radic, supra* at 499 Pa. 277, 453 A.2d 306–07 (and cases cited therein). The value of the presumption of due

7. We have also reviewed the alleged erroneous trial rulings raised by appellant and found them to be without merit.

care stems from the general knowledge of human experience and the strength of the instinct of self-preservation and the desire to avoid pain and injury. *Id.* This human instinct and experience did not disappear when this Commonwealth enacted the comparative negligence statute, nor is it any less viable when applied on behalf of a deceased or incompetent defendant. The respective burdens of proof, production and persuasion are a separate and distinct issue.

McDERMOTT, Justice, dissenting.

I dissent for the reasons expressed in my concurring opinion in *Yandrich v. Radic,* 499 Pa. 271, 278, 453 A.2d 304, 307 (1982). *See also Waddle v. Nelkin,* 511 Pa. 641, 515 A.2d 909 (1986).

ZAPPALA, Justice, dissenting.

I dissent on the basis of *Waddle v. Nelkin,* 511 Pa. 641, 515 A.2d 909 (1986) and would permit the jury charge regarding the presumption of due care.