538 A.2d 881

**Darla A. VIHLIDAL, as Administratrix of the Estate of William E. Vihlidal, Deceased, Appellant,**

**v.**

**Timothy BRAUN, an Individual, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 14, 1987.

Filed Feb. 1, 1988.

Reargument Denied March 22, 1988.

John H. Riordan, Jr., Pittsburgh, for appellant.

Kathleen S. Delach, Washington, for appellee.

Before BROSKY, DEL SOLE and HOFFMAN, JJ.

DEL SOLE, Judge:

This is an appeal from a judgment entered in accordance with a jury verdict finding for Appellee, defendant, and against Appellant, plaintiff, in a wrongful death and survival action. Following the denial of her motion for post-trial relief, Appellant filed the instant appeal citing a variety of errors with the trial judge's rulings and with the jury verdict. Among the issues raised by Appellant is a claim that the trial court erred in refusing her request for a jury instruction on her decedent's presumption of due care. Because we find this issue is meritorious and demands Appellant receive a new trial, we do not consider the other allegations of error presented in this appeal.

Necessary to an understanding of the issue before us is a brief review of the underlying circumstances. The record reveals that an automobile accident occurred at about 10:00

p.m. when a truck driven by Appellant's decedent collided with an automobile driven by Appellee. Prior to the accident both drivers had been traveling alone in opposite directions along Route 519 in North Strabane Township, Washington County. There were no witnesses to the actual collision. As a result of the accident the driver of the truck suffered injuries and died the next morning. The Appellee was unable to recall the events of that evening and at trial testified that his lack of memory was caused by injuries he sustained in the accident.

At trial both sides presented experts who differed in their opinion as to the location of the point of impact. Appellant's expert opined that Appellee's vehicle traveled across the center line and collided with the deceased's truck. Appellee's expert believed the point of impact occurred in the northbound lane indicating that Appellant's decedent must have crossed the center line. Since those involved in the accident were incapable of providing testimony as to its circumstances, both parties sought to have the jury instructed that the driver of their respective vehicles should be presumed to have been using due care at the time of the accident. The trial judge refused both requests for such a charge, and it is this ruling which Appellant questions.

In support of her claim, Appellant cites the Supreme Court decision in *Waddle v. Nelkin,* 511 Pa. 641, 515 A.2d 909 (1986). Therein, the plaintiff, Waddle, was struck by a vehicle operated by the defendant, Nelkin. Waddle had no recollection of the occurrence itself and therefore at trial he requested that the jury be instructed that he was entitled to a presumption of due care. The trial court refused to give the following jury instruction:

> Where a plaintiff's mind is blank as to an accident and all its incidents the presumption is that he did all that the law required him to do and was not guilty of negligence.

*Id.,* 511 Pa. at 645, 515 A.2d at 911.

The Superior Court, on appeal, found that the requested point for charge was required and awarded a new trial.

568

Reviewing the Superior Court's decision the Supreme Court cited the controlling law on this issue.

> Where a plaintiff's mind is blank as to an accident and all its incidents, the presumption is that he did all that the law required him to do and was not guilty of contributory negligence. The presumption, however, is a rebuttable one and must give way when the facts as established by plaintiff's evidence shows that he was guilty of contributory negligence.

*Id., citing: Auel v. White*, 389 Pa. 208, 214, 132 A.2d 350, 353 (1957). The Supreme Court found no evidence which would rebut the presumption of due care and ruled that the trial court erred in failing to give the requested jury instruction. The Court went on to consider whether the trial error was harmless and concluded that it could not be so characterized. Finally, the Court considered and rejected the argument that the adoption of the doctrine of comparative negligence in Pennsylvania negated the necessity for the presumption of due care instruction. Accordingly, the Superior Court's award of a new trial was affirmed.

The Appellant, herein, argues that the Supreme Court's decision in *Waddle v. Nelkin*, was tempered by its ruling one month later in *Rice v. Shuman*, 513 Pa. 204, 519 A.2d 391 (1986). In the *Rice* case the Court found that an incompetent *defendant* was not entitled to a charge on the presumption of due care. Appellee argues that a reading of *Rice v. Shuman* disallowing use of the presumption only to deceased or incapacitated *defendants* is too narrow. He maintains that its ruling may properly be interpreted to disallow an instruction on the presumption of due care "for any deceased or incapacitated *party.*" We do not agree.

An automobile accident also prompted the underlying lawsuit in *Rice v. Shuman*. As a result of head injuries he sustained in the accident, the appellant, Shuman was incompetent to testify at the time of the jury trial. Because of his incompetence, Shuman submitted the following point for charge:

> When a person injured in an accident is rendered incompetent by his injuries or has lost his memory as a result of

his injuries so that he is unable to testify as to how the accident occurred, the law presumes that at the time of the accident that person was using due care of his own safety.

*Id.,* 513 Pa. at 209, 519 A.2d at 394. The trial court refused to instruct the jury as appellant suggested. This decision was affirmed by the Supreme Court. The Court reasoned:

The obvious motive for the application of the presumption to a defendant was to prevent a surviving competent plaintiff from taking advantage of the death or incapacitation of the defendant. However, the recognized effect of the presumption does no more than prevent a defendant's absence from lessening the burden upon the plaintiff of establishing the defendant's negligence. Since the burden upon the plaintiff has been established without regard to the availability of the defendant to personally defend, it serves no purpose in this context.

*Id.,* 513 Pa. at 212, 519 A.2d at 396. In conclusion the court remarked: "In any event, it is apparent under present law that the presumption of due care running in favor of a deceased or incapacitated *defendant* is a useless appendage which is likely to obfuscate rather than clarify the issues to be resolved in the lawsuit." *Id.* (emphasis added).

We cannot accept Appellee's argument that the decision in *Rice v. Shuman* invalidates the presumption of due care to all incapacitated or deceased parties. We arrive at this conclusion for the following reasons. In *Waddle,* the Supreme Court held that a deceased plaintiff was entitled to the "presumption". The Opinion announcing the Judgment of the Court was written by Justice Zappala, Justice Larsen filed a Concurring Opinion in which Justice Papadakos joined and Justice McDermott filed a Concurring Opinion, Chief Justice Nix filed a Dissenting Opinion in which Justices Flaherty and Hutchinson joined and each of them filed separate Dissenting Opinions. The case was argued on March 5, 1986 and decided on October 8, 1986.

In *Rice v. Shuman,* Chief Justice Nix wrote the Opinion of the Court in which he was joined by Justices Flaherty, Hutchinson and Papadakos. Justices Larsen, McDermott

and Zappala each wrote Dissenting Opinions. That case was argued on April 15, 1986 and decided December 16, 1986. In the Opinion of the Court, the Chief Justice begins by discussing the use of presumptions in litigation, but specifically restricts the holding to cases where the presumption is sought in favor a deceased or incapacitated defendant.

Obviously, the Court had both cases before it for simultaneous consideration between the time of argument in *Rice* and the time of decision in *Waddle*, almost six months.

The fact that the Court in *Rice* did not specifically overrule *Waddle* and specifically restricted its holding to the use of presumptions by defendants requires us to do the same. Thus, we hold that the *Waddle* decision which entitled a deceased or incapacitated *plaintiff* to an instruction of the presumption of due care, remains viable and should have controlled the trial court's ruling in this case.

Since plaintiff's husband died as result of the accident and since as there was no evidence establishing that as a matter of law Appellant's decedent was contributorily negligent, we must reverse the judgment of the trial court and award a new trial. Upon retrial, Appellant shall be entitled to have the jury instructed on the presumption of due care afforded her decedent in accordance with *Waddle v. Nelkin*, *supra*.