701 A.2d 224

**Patricia MARKS, Administratrix of the Estate of Donald L. Marks, Deceased, and Patricia Marks, in her own right, Appellee,**

v.

**Mary Lou SWAYNE, Administratrix of the Estate of Walter F. Merriman, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 17, 1996.

Decided Oct. 23, 1997.

Lee A. Montgomery and Joseph E. Kubit, Butler, for Mary Lou Swayne.

Andrew J. Leger, Pittsburgh, for Patricia Marks.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION

ZAPPALA, Justice.

We granted allocatur in this case to reexamine the use in a negligence action of a jury instruction that a deceased or incapacitated plaintiff is presumed to have been exercising due care at the time of his injuries. Although we now hold that such an instruction should not be given, we find that in this case the instruction, read in the context of the entire charge, was not so prejudicial as to require reversal.

Donald L. Marks was killed when the tractor/backhoe he was operating overturned and crushed him. The tractor belonged to Marks's neighbor, Walter F. Merriman. Patricia Marks, the decedent's wife and administratrix of his estate, sued Merriman under the Wrongful Death and Survival Acts. She also claimed damages on her own behalf for negligent infliction of emotional distress.

The complaint alleged that the accident was caused by Merriman's negligent maintenance of the tractor and its brakes. Merriman's defense asserted that the accident was caused by Marks's own negligence in operating the tractor too close to the edge of an embankment. Merriman died prior to trial and Mary Lou Swayne, administratrix of his estate, was substituted as the defendant. A jury found for Patricia Marks on all claims and awarded $989,875 on the wrongful death and survival counts and $40,000 for negligent infliction of emotional distress. The jury attributed 8% of the causal negligence to the decedent, and the judgment was molded to reflect this reduction as well as an added amount for delay damages.

In the course of instructing the jury, the court stated:

The law presumes that at the time of the accident causing his death the decedent was using due care for his own safety. However, this presumption may be rebutted by evidence. If you find from a preponderance of the evidence that the decedent was not exercising such care, then you must determine whether the decedent's contributory negli-

gence was a substantial factor in bringing about his own death.

R. 865a. Swayne argued that this was error, citing *Bressler v. Dannon Yogurt*, 392 Pa.Super. 475, 573 A.2d 562 (1990) (en banc). In *Bressler*, the Superior Court expressed the view, based on its study of the majority and dissenting opinions in *Rice v. Shuman*, 513 Pa. 204, 519 A.2d 391 (1986), that the presumption of due care had been invalidated for all purposes. The common pleas court rejected this argument. The court understood *Rice* as holding only that a presumption of due care in favor of a deceased *defendant* is no longer necessary.

The panel of the Superior Court that decided this case agreed with the common pleas court's reading of *Rice*. The court characterized as dictum the statement in *Bressler* that the presumption had been abolished entirely. The court further noted that *Rice* did not overrule or mention *Waddle v. Nelkin*, 511 Pa. 641, 515 A.2d 909 (1986), which was decided while *Rice* was pending. In *Waddle*, a new trial was ordered because the court failed to give a jury instruction on the presumption of due care in favor of the plaintiff.[1] We granted allocatur to resolve the confusion over this issue evident in the Superior Court decisions in *Vihlidal, Bressler*, and this case.

In *Waddle*, the lead Opinion quoted the following as setting forth the law on the presumption of due care:

Where a plaintiff's mind is blank as to an accident and all its incidents, the presumption is that he did all that the law required him to do *and was not guilty of contributory negligence*. The presumption, however, is a rebuttable one and must give way when the facts as established by the plaintiff's evidence show that he was guilty of contributory negligence.

1. Another panel of Superior Court had likewise concluded that *Rice* was limited to incapacitated defendants because it did not specifically overrule *Waddle*. *Vihlidal v. Braun*, 371 Pa.Super. 565, 538 A.2d 881 (1988), *allocatur granted*, 520 Pa. 619, 554 A.2d 510 (1989), *appeal dismissed*, 524 Pa. 251, 570 A.2d 1321 (1990). The en banc opinion in *Bressler*, however, reached a contrary conclusion.

511 Pa. at 645, 515 A.2d at 911, quoting *Auel v. White*, 389 Pa. 208, 214, 132 A.2d 350, 353 (1957) (emphasis added). Unfortunately, the Opinion failed to recognize the intimate connection between the presumption and the doctrine of contributory negligence suggested by this language, which is confirmed by a survey of the cases cited in *Auel* and elsewhere involving the presumption of due care.

It appears to be more than coincidence that many of the early cases where the presumption was in issue dealt with persons struck by trains or trolleys,[2] or with collisions involving automobiles or trucks.[3] Settings such as these implicate what may be described as affirmative duties on the part of the plaintiffs to stop, look, and listen, or to drive so as to be able to stop within the assured clear distance ahead. The argument in these cases, which often arose in the context of a defense request for directed verdict or judgment n.o.v., was essentially that if the plaintiff had been exercising due care he would have been aware of the danger and would not have been injured. The presumption was interposed to require that a finding of contributory negligence, which was a complete bar to recovery, be based on evidence rather than the mere inference that due care was lacking.

The relationship between the presumption of due care and contributory negligence was clearly expounded on in *Susser v. Wiley*, 350 Pa. 427, 39 A.2d 616 (1944). There, the plaintiff was struck in the head by the rearview mirror of a passing truck and was rendered incompetent. The plaintiff's witnesses and the defendant's witnesses gave conflicting versions of the events. The verdict was for the defense. On appeal,

---

**2.** See *Pennsylvania Railroad Co. v. Weiss*, 87 Pa. 447 (1878); *Schum v. Pennsylvania Railroad Co.*, 107 Pa. 8 (1884); *Blauvelt v. Delaware, Lackawanna & Western Railroad Co.*, 206 Pa. 141, 55 A. 857 (1903); *Rheingans v. New York, Chicago & St. Louis Railroad Co.*, 236 Pa. 476, 84 A. 913 (1912); *Heaps v. Southern Pennsylvania Traction Co.*, 276 Pa. 551, 120 A. 548 (1923); *Tull v. Baltimore & Ohio Railroad Co.*, 292 Pa. 458, 141 A. 263 (1928); *Lamp v. Pennsylvania Railroad Co.*, 305 Pa. 520, 158 A. 269 (1931).

**3.** See *Ferne v. Chadderton*, 375 Pa. 302, 100 A.2d 854 (1953); *Williams v. Flemington Transportation Co.*, 417 Pa. 26, 207 A.2d 762 (1965); *Kmetz v. Lochiatto*, 421 Pa. 363, 219 A.2d 588 (1966).

the plaintiff argued that the court erred in not instructing the jury on the presumption of due care. After suggesting that the issue had been waived, we went on to observe

> However, the court told the jury repeatedly that the burden of proving contributory negligence was upon the defendant, and this served the same purpose, for *there is little if any difference between the rule which holds that a person killed in an accident is presumed to have used due care and the more general rule that the burden of proving contributory negligence is upon the defendant.* Even the so-called "presumption of due care" is merely a factual one which is overcome when contributory negligence is established by the evidence.

350 Pa. at 430–31, 39 A.2d at 618 (emphasis added). We continued by quoting from *Watkins v. Prudential Insurance Co.,* 315 Pa. 497, 505, 173 A. 644, 648 (1934): "If the driver is killed at such a crossing, ... the presumption of the victim's due care is merely the converse of the statement that the burden of proof rests on the asserter of the victim's negligence."

Contrary to these clear statements regarding the nature of the presumption and its relationship to contributory negligence, the lead Opinion in *Waddle* contained a confusing analysis that attempted to distinguish the purpose of the presumption of due care from the purpose of the instruction allocating the burden of proof. Upon further review we consider that Opinion to have been ill-advised and it is hereby expressly disapproved.

■ We are now persuaded of the correctness of the view expressed in the dissenting opinions in *Waddle* that "any utility [the presumption] may have is far outweighed by the confusion it creates." *Waddle,* 511 Pa. at 651, 515 A.2d at 915 (Nix, C.J., dissenting). As Mr. Justice Hutchinson observed in his Dissenting Opinion in *Waddle,* the presumption, in part, addressed the harshness of contributory negligence by permitting the deceased or incapacitated plaintiff to survive a judgment n.o.v. or directed verdict based on contributory negli-

gence, but that harshness has been eliminated by comparative negligence. 511 Pa. at 654–55, 515 A.2d at 916.

Since the presumption is not evidence and cannot be used to substitute for evidence, the jurors can only wonder at what role it is to play in their deliberations. In fact, however, it has no separate role and is merely duplicative of a proper charge assigning the burden of proof. We conclude, therefore, that in the interest of clarity, juries should no longer be instructed as to a presumption of due care in favor of a deceased or incapacitated plaintiff.[4]

■ Swayne argues in her brief that but for the instruction on the presumption of due care, the jury would have found Marks's negligence to be greater than fifty percent and thus rendered verdicts in favor of the defense on all claims. We disagree. Viewing the jury instruction as a whole, we cannot say that the court's statement as to the presumption of due care caused prejudicial error. See *Riddle Memorial Hospital v. Dohan*, 504 Pa. 571, 576, 475 A.2d 1314, 1316 (1984). The reference to the presumption constituted but one sentence among pages of instructions which correctly advised the jury with respect to the burdens of proof and the assessment of the parties' respective negligence. Moreover, the jury's finding that Marks's own negligence was in fact a substantial factor in causing his own death suggests that, despite the potential for uncertainty, in this case the instruction as to the presumption of due care did not confuse the issues to be resolved.

The judgment is affirmed.

---

**4.** As Mr. Chief Justice Nix observed in *Rice*, there exists a separate concern that a jury might improperly draw an adverse inference from a party's absence or failure to testify, but this concern can be addressed where necessary by appropriate instructions. 513 Pa. at 212–13, 519 A.2d at 396.